## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| JPMORGAN CHASE BANK, N.A.; J.P. MORGAN MORTGAGE ACQUISITION CORPORATION; J.P. MORGAN SECURITIES LLC; J.P. MORGAN ACCEPTANCE CORPORATION I; DAVID M. DUZYK; LOUIS SCHIOPPO, JR.; WILLIAM A. KING; EMC MORTGAGE CORPORATION; STRUCTURED ASSET MORTGAGE INVESTMENTS II INC.; BEAR STEARNS ASSET BACKED SECURITIES I LLC; COHEN LEGACY, LLC; JEFFREY L. VERSCHLEISER; MICHAEL B. NIERENBERG; JEFFREY MAYER; THOMAS F. MARANO; JOSEPH T. JURKOWSKI, JR.; MATTHEW E. PERKINS; SAMUEL L. MOLINARO, JR.; WAMU ASSET ACCEPTANCE CORPORATION; WAMU CAPITAL CORPORATION; WASHINGTON MUTUAL MORTGAGE SECURITIES CORPORATION; RICHARD CAREAGA; DAVID BECK; DIANE NOVAK; THOMAS GREEN; and ROLLAND JURGENS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 3:11-30094-MAP |
| Defendants. | ) ) ) | |

## MASSMUTUAL'S NOTICE OF MOTION AND MOTION TO AMEND THE COMPLAINT WITH RESPECT TO, AND FOR RECONSIDERATION OF THE PROPOSED DISMISSAL OF, DEFENDANTS DAVID M. DUZYK, LOUIS SCHIOPPO, JR., WILLIAM A. KING, AND MATTHEW E. PERKINS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") hereby moves, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, for leave to amend its Complaint to include additional allegations clarifying individual Defendants David M. Duzyk's, Louis Schioppo, Jr.'s, William A. King's, and Matthew E. Perkins's control over J.P. Morgan Securities Inc. ("J.P. Morgan Securities") or Bear Stearns & Co., Inc. ("BSC"), underwriters for which Defendant J.P. Morgan Securities LLC is the successor-in-interest.  MassMutual also moves for reconsideration of the Court's proposed dismissal of the control person claims against Defendants Duzyk, Schioppo, King, and Perkins in light of the new allegations MassMutual is able to assert showing each person's control over an underwriter.

MassMutual makes this Motion based on the Court's February 14, 2012 Order (the "Order"), which held that MassMutual had stated a claim for primary violations of Section 410(a) of the Massachusetts Uniform Securities Act (the "Massachusetts Securities Act") against underwriter Defendants J.P. Morgan Securities LLC (as successor-in-interest to J.P. Morgan Securities and BSC) and WaMu Capital Corporation only.  The Court held that it would dismiss MassMutual's control person claims under Section 410(b) against any individual Defendant "whose control person liability stems from primary violations by the non-underwriter Defendants."  Order at 51-52.  In their February 28, 2012 status report filed pursuant to the Court's Order, Defendants indicated that the Section 410(b) claims against Messrs. Duzyk, Schioppo, King, and Perkins, along with the claims against three other individual Defendants,

should be dismissed because the original Complaint bases these individual Defendants' control person liability on primary violations by non-underwriter Defendants only.[1]

In light of the Court's Order, MassMutual now seeks leave to amend the Complaint for the limited purpose of adding allegations clarifying that the control person liability of Defendants Duzyk, Schioppo, King, and Perkins stems from their respective control over an underwriter that committed primary violations.  MassMutual seeks to amend nine specific allegations of the Complaint to make clear that Messrs. Duzyk, Schioppo, King, and Perkins each was a control person of underwriter J.P. Morgan Securities or BSC, in addition to being a control person of a depositor and of the securitizations at issue.  MassMutual's proposed First Amended Complaint including these allegations is attached hereto as Exhibit A.

In particular, MassMutual proposes the following amendments to the Complaint to make Messrs. Duzyk's, Schioppo's, King's, and Perkins's control of J.P. Morgan Securities or BSC clear:[2]

**Paragraph 20**

*Current Version:*

*JPMorgan Officer Defendants.*  Defendant David M. Duzyk is an individual

residing in Lexington, Kentucky.  Duzyk was, at all relevant times, the President

(Principal Executive Officer) and a Director of JPMAC.  He signed registration

---

[1]   In their status report, Defendants indicated that MassMutual has stated Section 410(b) claims against the following individual Defendants:  Jeffrey L. Verschleiser, Michael B. Nierenberg, Jeffrey Mayer, Thomas F. Marano, Joseph T. Jurkowski, Samuel L. Molinaro, Jr., David Beck, and Diane Novak.  *See* Status Rep. at 3-4.

[2]   Given the limited nature of the proposed amendments and in the interest of efficiency, MassMutual has included the proposed amendments in the text of this motion rather than attaching a redline comparing the First Amended Complaint to the original Complaint.  The clarifying amendments to Paragraphs 20, 21, 22, 37, 653, 654, 655, 665, and 691 are the only changes included in the proposed First Amended Complaint.

statements for each of the four JPMorgan securitizations at issue in this case.

*Proposed Amended Version:*

<u>*JPMorgan Officer Defendants.*</u>  Defendant David M. Duzyk is an individual residing in Lexington, Kentucky.  At all relevant times, Duzyk was a Managing Director of J.P. Morgan Securities.  Duzyk also served as the President (Principal Executive Officer) and a Director of JPMAC.  He signed registration statements for each of the four JPMorgan securitizations at issue in this case.

## Paragraph 21

*Current Version:*

Defendant Louis Schioppo, Jr. is an individual residing in Monroe Township, New Jersey.  Schioppo was, at all relevant times, the Controller and Chief Financial Officer (Principal Financial and Accounting Officer) of JPMAC.  He signed registration statements for each of the four JPMorgan securitizations at issue in this case.

*Proposed Amended Version:*

Defendant Louis Schioppo, Jr., is an individual residing in Monroe Township, New Jersey.  At all relevant times, Schioppo was a Managing Director of J.P. Morgan Securities and the Chief Financial Officer of a risk unit therein.  Schioppo also served as the Controller and Chief Financial Officer (Principal Financial and Accounting Officer) of JPMAC.  He signed registration statements for each of the four JPMorgan securitizations at issue in this case.

**Paragraph 22**

*Current Version:*

Defendant William A. King is an individual residing in Old Greenwich, Connecticut.  King was, at relevant times, a managing director and the global co-head of securitized products at JPMorgan Chase and a Director of JPMAC.  He signed registration statements for two of the four JPMorgan securitizations at issue in this case.

*Proposed Amended Version:*

Defendant William A. King is an individual residing in Old Greenwich, Connecticut.  At relevant times, King was a Managing Director and Global Co-Head of Securitized Products at J.P. Morgan Securities.  King also served as a director of JPMAC.  He signed registration statements for two of the four JPMorgan securitizations at issue in this case.

**Paragraph 37**

*Current Version:*

Defendant Matthew E. Perkins is an individual residing in New York, New York.  Perkins was, at all relevant times, the President (Principal Executive Officer) and a Director of BSABS, and signed registration statements for eight of the 24 Bear Stearns securitizations at issue in this case.

*Proposed Amended Version:*

Defendant Matthew E. Perkins is an individual residing in New York, New York.  At all relevant times, Perkins was Co-Head of the Asset-Backed Securities Group at BSC.  Perkins also served as the President (Principal Executive Officer) and a

4

director of BSABS.  Perkins signed registration statements for eight of the 24

Bear Stearns securitizations at issue in this case.

**Paragraph 653**

*Current Version:*

As the head of JPMorgan's Securitization-Underwriting Group during the

relevant period, Defendant David M. Duzyk had intimate knowledge and control

over JPMorgan's securitizations.  As the President (Principal Executive Officer)

and a Director of JPMAC during the relevant period, Duzyk was also intimately

involved in the management of this primary violator and had control over it.

Duzyk also had control over the JPMorgan securitizations at issue, as evidenced

by his signature on the registration statements for all four securitizations.

*Proposed Amended Version:*

As the head of JPMorgan's Securitization-Underwriting Group during the

relevant period, Defendant David M. Duzyk had intimate knowledge and control

over JPMorgan's securitizations.  As a Managing Director of J.P. Morgan

Securities (an Underwriter) during the relevant period, Duzyk was involved in,

had intimate knowledge of, and controlled the day-to-day affairs of this primary

violator.  As the President (Principal Executive Officer) and a director of JPMAC

(a Depositor) during the relevant period, Duzyk also was intimately involved in

and controlled the day-to-day affairs of this Depositor.  Duzyk had control over

the JPMorgan securitizations at issue, as evidenced by his signature on the

registration statements for all four securitizations.

**Paragraph 654**

*Current Version:*

As the Chief Financial Officer of JPMorgan Chase during the relevant period,
Defendant Louis Schioppo, Jr. had intimate knowledge and control over
JPMorgan's finances.  As the Controller and Chief Financial Officer (Principal
Financial and Accounting Officer) of JPMAC during the relevant period,
Schioppo also had intimate knowledge and control over the finances of this
primary violator, including revenue generation from securitizations.  Schioppo
also executed control over the JPMorgan securitizations at issue, as evidenced by
his signature on the registration statements for all four securitizations.

*Proposed Amended Version:*

As a Managing Director and the Chief Financial Officer of a risk unit within J.P.
Morgan Securities (an Underwriter) during the relevant period, Defendant Louis
Schioppo, Jr., was involved in, had intimate knowledge of, and controlled the
day-to-day affairs of this primary violator.  In addition, as the Chief Financial
Officer of JPMorgan Chase during the relevant period, Schioppo had intimate
knowledge and control over JPMorgan's finances.  As the Controller and Chief
Financial Officer (Principal Financial and Accounting Officer) of JPMAC (a
Depositor) during the relevant period, Schioppo also was intimately involved in
and controlled the day-to-day affairs of this Depositor.  Schioppo had control over
the JPMorgan securitizations at issue, as evidenced by his signature on the
registration statements for all four securitizations.

**Paragraph 655**

*Current Version:*

As the global co-head of securitized products at JPMorgan Chase during the relevant period, Defendant William A. King had intimate knowledge and control over JPMorgan's securitizations.  As a director of JPMAC during the relevant period, King was also involved in the management of this primary violator and exercised control over it.  As evidenced by his signature on the registration statements, King also had control over the following two JPMorgan securitizations at issue in this case:  JPMMT 2005-ALT1 and JPALT 2006-A1.

*Proposed Amended Version:*

As the Global Co-Head of Securitized Products at J.P. Morgan Securities (an Underwriter) during the relevant period, Defendant William A. King was involved in, had intimate knowledge of, and controlled the day-to-day operations of this primary violator.  In addition, as a director of JPMAC (a Depositor) during the relevant period, King also was intimately involved in and controlled the day-to-day affairs of this Depositor.  Moreover, King had control over the JPMorgan securitizations, as evidenced by his signature on the registration statements for the JPMMT 2005-ALT1 and JPALT 2006-A1 securitizations at issue in this case.

**Paragraph 665**

*Current Version:*

As co-head of the Asset-Backed Securities Group at Bear Stearns during the relevant period, Defendant Matthew E. Perkins was intimately involved in Bear Stearns' securitizations.  As the President (Principal Executive Officer) and a

Director of BSABS during the relevant period, Perkins also exercised control over this primary violator and over each of the Bear Stearns' offerings for which BSABS acted as Depositor.  Perkins' control is evidenced by his signature on the registration statements for each of the following Bear Stearns securitizations:

> BSABS 2006-AC4; BSABS 2006-AQ1; BSABS 2007-1; BSABS 2007-AC2; BSABS 2007-HE3;  BSMF 2006-AC1; BSMF 2006-SL1; and GMFT 2006-AR1.

*Proposed Amended Version:*

As Co-Head of the Asset-Backed Securities Group at BSC (an Underwriter for which J.P. Morgan Securities is the successor-in-interest), Defendant Matthew E. Perkins was intimately involved in and controlled the day-to-day affairs of this primary violator and Bear Stearns' securitizations.  Further, as the President (Principal Executive Officer) and a director of BSABS (a Depositor) during the relevant period, Perkins also exercised control over a Depositor.  Perkins' control is evidenced by his signature on the registration statements for each of the following Bear Stearns securitizations:

> BSABS 2006-AC4; BSABS 2006-AQ1; BSABS 2007-1; BSABS 2007-AC2; BSABS 2007-HE3;  BSMF 2006-AC1; BSMF 2006-SL1; and GMFT 2006-AR1.

**Paragraph 691**

*Current Version:*

Defendant William A. King is jointly and severally liable to the same extent as the JPMorgan primary violators because he was an inside director and controlled

the operations of one or more JPMorgan primary violators, including with respect

to the JPMorgan securitizations at issue.

*Proposed Amended Version:*

Defendant William A. King is jointly and severally liable to the same extent as

the JPMorgan primary violators because he was an officer and/or director and

controlled the operations of one or more JPMorgan primary violators, including

with respect to the JPMorgan securitizations at issue.

Because discovery has not yet commenced, these amended allegations are based on

MassMutual's reasonable independent investigation, which included the retention of a search

service and a search of public records.

Under the Court's Order, the amended allegations are sufficient to state Section 410(b)

claims against Defendants Duzyk, Schioppo, King, and Perkins.  Section 410(b) imposes liability

on every "partner, officer, or director" of a primary violator, "every person occupying a similar

status or performing similar functions," or every person who otherwise controls a primary

violator.  Mass. Gen. Laws ch. 110A, § 410(b).  Messrs. Duzyk, Schioppo, King, and Perkins are

each alleged to have occupied senior executive officer positions at an underwriter, and each

therefore falls within the categories of individuals that are subject to liability under Section

410(b).  In addition, the allegations that these four individual Defendants held senior executive

positions involving the management of the day-to-day affairs of an underwriter and had control

over the securitizations at issue, as evidenced by their signatures on the Registration Statements

for the securitizations, are independently sufficient to allege control and to state a claim.  *See,*

*e.g.*, *Goldenson v. Steffens*, 802 F. Supp. 2d 240, 264 (D. Me. 2011) (allegations that a defendant

was a managing director were sufficient to allege control; the "title[] alone convey[s] the active

participation in the decisionmaking process").  The Court found that similar allegations were

sufficient to state Section 410(b) claims against managing directors and other officers of

underwriter defendants in related cases addressed in the Order.  *See, e.g.*, Order at 35, 46-50;

Compl. in *Mass. Mut. Life Ins. Co. v. RBS Fin. Products Inc.*, Case No. 3:11-cv-30044, ¶¶ 12-14,

16, 179-181, 183.

MassMutual's proposed amendments should be allowed pursuant to Rule 15(a) of the

Federal Rules of Civil Procedure, which is a "liberal" standard providing that courts should

"freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a); *Torres-Alamo v.

Puerto Rico*, 502 F.3d 20, 25-26 (1st Cir. 2007) (under the "liberal standard" of Rule 15(a), the

district court's denial of leave to amend was abuse of discretion).  Leave to amend should not be

denied unless the opposing party makes a showing of undue prejudice, bad faith, or dilatory

motive on the part of the moving party.  *See Forman v. Davis*, 371 U.S. 178, 182 (1962) (absent

any showing of undue prejudice, bad faith, or dilatory motive, district court's denial of leave to

amend was an abuse of discretion and "inconsistent with the spirit of the Federal Rules");

*Carmona v. Toledo*, 215 F.3d 124, 136 (1st Cir. 2000) (reversing district court's order denying

motion for leave to amend).  Although MassMutual does not believe delay is at issue here, delay

alone is an insufficient reason for denial of a motion to amend; the opposing party must

demonstrate bad faith or undue prejudice.  *See Carmona*, 215 F.3d at 136 ("Delay that is neither

intended to harass nor cause any ascertainable prejudice is not a permissible reason, in and of

itself to disallow amendment of a pleading.") (internal quotation marks and citation omitted);

*Farkas v. Texas Instruments, Inc.*, 429 F.2d 849, 851 (1st Cir. 1970) (18-month delay was

insufficient reason for denial of leave to amend).

Defendants Duzyk, Schioppo, King, and Perkins will suffer no undue prejudice as a result of the proposed amendments because each was a named party at the outset of this action and has been able to participate fully in the action.   Nor is there any bad faith or dilatory motive on the part of MassMutual.   Prior to the Court's Order, there was no reason to distinguish each individual Defendant's control over an underwriter from his control over non-underwriters.   Now that the distinction between underwriters and non-underwriters has been clarified by the Court, MassMutual is timely moving in good faith for leave to amend the Complaint to make clear that Defendants Duzyk, Schioppo, King, and Perkins each controlled an underwriter *and* non-underwriters.   Justice requires that MassMutual be permitted to allege the true role of these Defendants, and doing so will not cause any undue delay.

MassMutual respectfully requests that the Court grant this motion and allow it leave to file its First Amended Complaint with the limited amendments described herein.   MassMutual also respectfully requests that the Court reconsider the proposed dismissal of the Section 410(b) claims against Defendants Duzyk, Schioppo, King, and Perkins in light of the new allegations.

DATED:  February 29, 2012              EGAN, FLANAGAN AND COHEN, P.C.

                                                       By:   /s/ Edward J. McDonough Jr.
                                                              Edward J. McDonough Jr. (BBO 331590)
                                                              Stephen E. Spelman (BBO 632089)
                                                              Egan, Flanagan and Cohen, P.C.
                                                              67 Market Street, P.O. Box 9035
                                                              Springfield, Massachusetts  01102
                                                              Telephone:  (413) 737-0260
                                                              Fax:  (413) 737-0121
                                                              ejm@efclaw.com; ses@efclaw.com

                                                       MASSACHUSETTS MUTUAL LIFE
                                                       INSURANCE COMPANY

                                                       Mark Roellig (BBO 669117)

11

Executive Vice President and General Counsel
Bernadette Harrigan (BBO 635103)
Assistant Vice President & Counsel
Eleanor P. Williams (BBO 667201)
Assistant Vice President & Counsel
Massachusetts Mutual Life Insurance Company
1295 State Street
Springfield, Massachusetts  01111
Telephone:  (413) 788-8411
Fax:  (413) 226-4268
bharrigan@massmutual.com;
ewilliams@massmutual.com

Of counsel:

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Philippe Z. Selendy
Jennifer J. Barrett
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Fax (212) 849-7100

A. William Urquhart
Harry A. Olivar, Jr.
Molly Stephens
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax (213) 443-3100

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants and the proposed new defendants on this 29th day of February, 2012.

/s/ Edward J. McDonough Jr.

_____

Edward J. McDonough Jr.