## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.; J.P. MORGAN MORTGAGE ACQUISITION CORPORATION; J.P. MORGAN SECURITIES LLC; J.P. MORGAN ACCEPTANCE CORPORATION I; DAVID M. DUZYK; LOUIS SCHIOPPO, JR.; WILLIAM A. KING; EMC MORTGAGE CORPORATION; STRUCTURED ASSET MORTGAGE INVESTMENTS II INC.; BEAR STEARNS ASSET BACKED SECURITIES I LLC; COHEN LEGACY, LLC; JEFFREY L. VERSCHLEISER; MICHAEL B. NIERENBERG; JEFFREY MAYER; THOMAS F. MARANO; JOSEPH T. JURKOWSKI, JR.; MATTHEW E. PERKINS; SAMUEL L. MOLINARO, JR.; WAMU ASSET ACCEPTANCE CORPORATION; WAMU CAPITAL CORPORATION; WASHINGTON MUTUAL MORTGAGE SECURITIES CORPORATION; RICHARD CAREAGA; DAVID BECK; DIANE NOVAK; THOMAS GREEN; and ROLLAND JURGENS,<br><br>Defendants. | Civil Action No. 3:11-30094-MAP |

## MASSMUTUAL'S MEMORANDUM OF LAW IN SUPPORT OF
## ITS MOTION TO STRIKE CERTAIN PURPORTED DEFENSES

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

LEGAL STANDARD..................................................................................................................2

ARGUMENT ..............................................................................................................................4

      A.     The Sixth Defense That Defendants Neither Owed Nor Breached a Duty Is
             Inapplicable and Contrary to Section 410................................................................5

      B.     The Eighth and Fourteenth Defenses Asserting That MassMutual "Should
             Have Known," Had "Constructive Knowledge," or "Assumed the Risk"
             Are Contrary to Law ...............................................................................................6

      C.     The Twelfth Defense Disputing MassMutual's Reliance Is Improper ...................7

      D.     The Seventeenth Defense, Which Seeks to Reduce MassMutual's
             Recovery Based on Fault Allegedly Attributable to Others, Is Contrary to
             Section 410...............................................................................................................8

      E.     The Nineteenth Defense Challenging Loss Causation Is Improper........................9

      F.     The Twentieth and Twenty-First Defenses That MassMutual "Failed . . . to
             Mitigate" Are Also Inapplicable to Section 410 Claims ........................................9

      G.     The Twenty-Third and Twenty-Fourth Defenses That MassMutual's
             Claims Are Barred "by Laches, Equitable Estoppel, Waiver or Other
             Related Equitable Doctrines" Are Inapplicable to These Statutory Claims ..........10

CONCLUSION..........................................................................................................................11

# TABLE OF AUTHORITIES

**Page**

## Cases

*In re Access Cardiosystems, Inc.*,
   404 B.R. 593 (Bankr. D. Mass. 2009) ..................................................................8

*Allapattah Servs., Inc. v. Exxon Corp.*,
   372 F. Supp. 2d 1344 (S.D. Fla. 2005) ...............................................................3

*DGM Invs., Inc. v. N.Y. Futures Exch., Inc.*,
   No. 01 Civ. 11602, 2004 WL 635743 (S.D.N.Y. Mar. 31, 2004) ..................2, 8, 11

*FDIC v. Gladstone*,
   44 F. Supp. 2d 81 (D. Mass. 1999) ..............................................................3, 8, 11

*FDIC v. Pelletreau & Pelletreau*,
   965 F. Supp. 381 (E.D.N.Y. 1997) ......................................................................3

*In re Gabapentin Patent Litig.*,
   648 F. Supp. 2d 641 (D.N.J. 2009) ..............................................................2, 3, 9

*Go2net, Inc. v. Freeyellow.com, Inc.*,
   143 P.3d 590 (Wash. 2006).................................................................................11

*Jones v. Miles*,
   656 F.2d 103 (5th Cir. 1981) .............................................................................11

*LeClair v. Norwell*,
   719 N.E.2d 464 (Mass. 1999) ............................................................................10

*Marram v. Kobrick Offshore Fund, Ltd.*,
   809 N.E.2d 1017 (Mass. 2004) ...........................................4, 5, 6, 7, 8, 9, 11

*Operating Eng'rs Local 139 Health Benefit Fund v. Lake States Indus. Servs., Inc.*,
   No. 05-C-0020, 2005 WL 1563332 (E.D. Wis. June 30, 2005) .............................11

*Owens v. UNUM Life Ins. Co.*,
   285 F. Supp. 2d 778 (E.D. Tex. 2003) ..................................................................3

*Soc'y of Lloyd's v. Hamilton*,
   501 F. Supp. 2d 248 (D. Mass. 2007) ...................................................................3

*Waste Mgmt. Holdings, Inc. v. Gilmore*,
   252 F.3d 316 (4th Cir. 2001) ...............................................................................3

*Zurich Am. Ins. Co. v. Watts Regulator Co.*,
   796 F. Supp. 2d 240 (D. Mass. 2011) ...................................................................3

## **Statutes/Rules**

15 U.S.C. § 77k(f)............................................................................................................8

15 U.S.C. § 78u-4(f) .......................................................................................................8

Fed. R. Civ. P. 12(f) .....................................................................................................2, 3

Mass. Gen. Laws ch. 110A, § 410(a)...........................................................1, 4, 5, 8, 9, 10

Mass. Gen. Laws ch. 110A, § 410(b) ....................................................................1, 4, 9

Mass. Gen. Laws ch. 110A, § 410(c)........................................................................10

Mass. Gen. Laws ch. 110A, § 410(g) ......................................................................11

## **Miscellaneous**

5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
    § 1381 (3d ed. 2012) ............................................................................................3

Roger J. Magnuson, 1 *Shareholder Litigation* § 5:9: Section 12(2) – Defenses (2011)..................7

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual" or "Plaintiff") respectfully submits this memorandum of law in support of its motion to strike certain purported defenses asserted by Defendants J.P. Morgan Securities LLC ("J.P. Morgan Securities"); WaMu Capital Corporation ("WaMu Capital"); and Jeffrey L. Verschleiser, Michael B. Nierenberg, Thomas F. Marano, Jeffrey Mayer, Joseph T. Jurkowski, Samuel Molinaro, David Beck, and Diane Novak (collectively, the "Officer Defendants," and together with J.P. Morgan Securities and WaMu Capital, "Defendants") in their respective Amended Answers.

## PRELIMINARY STATEMENT

This motion to strike is narrowly targeted to remove from Defendants' Amended Answers a series of boilerplate and legally inapplicable "defenses." The extraneous defenses threaten to complicate this relatively straightforward case and to expand discovery (and perhaps even trial) into irrelevant areas.

The Amended Answers are Defendants' second attempt to plead viable defenses to MassMutual's two causes of action under Section 410 of the Massachusetts Uniform Securities Act. Defendants voluntarily amended their original answers to eliminate or revise certain defenses after MassMutual notified them that it intended to move to strike obviously inapplicable defenses.

Despite the revisions, the Amended Answers are each still reflexively loaded with close to 30 purported defenses, many of which are legally irrelevant to MassMutual's claims. MassMutual asserts only two claims in this action:  (i) a claim for primary liability under Section 410(a) of the Massachusetts Uniform Securities Act against J.P. Morgan Securities and WaMu Capital for material misrepresentations in the sale of mortgage-backed securities to MassMutual; and (ii) a claim for control person liability under Section 410(b) against the Officer Defendants.

It is settled law that once MassMutual shows a material misrepresentation, the defenses available to these Section 410 claims are extremely limited.

To focus this case on its actual issues, and to remove the irrelevant and legally invalid issues Defendants' Amended Answers continue to seek to interject, MassMutual respectfully requests that the following purported defenses, including affirmative defenses, be stricken from the identified parties' Amended Answers:  Sixth Defense (all Defendants); Eighth Defense (all Defendants, to the extent it asserts MassMutual "should have known" of the misstatements or omissions); Twelfth Defense (all Defendants, to the extent it asserts MassMutual did not "reasonably or justifiably rely" on the misstatements or omissions); Fourteenth Defense (all Defendants, to the extent it asserts MassMutual "assumed the risks" or had "constructive knowledge"); Seventeenth Defense (all Defendants); Nineteenth Defense (all Defendants); Twentieth Defense (all Defendants other than Verschleiser, Nierenberg, and Marano); Twenty-First Defense (Verschleiser, Nierenberg, and Marano); Twenty-Third Defense (all Defendants other than Verschleiser, Nierenberg, and Marano); and Twenty-Fourth Defense (Verschleiser, Nierenberg, and Marano).

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(f), a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Where, as here, a defendant's answer asserts purported defenses that cannot succeed, a motion to strike "serve[s] a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues that would not affect the outcome of the case."  *DGM  Invs., Inc. v. N.Y. Futures Exch., Inc.*, No. 01 Civ. 11602, 2004 WL 635743, at *1 (S.D.N.Y. Mar. 31, 2004) (internal quotations omitted); *see also In re Gabapentin Patent Litig.*, 648 F. Supp. 2d 641, 648 (D.N.J. 2009) (motions to strike "may serve to hasten

2

resolution of cases by eliminating the need for discovery which in turn saves time and litigation expenses") (internal quotations omitted); *Owens v. UNUM Life Ins. Co.*, 285 F. Supp. 2d 778, 780 (E.D. Tex. 2003) ("If the determination of invalidity [of an affirmative defense] can be made at an early stage it will enable the parties to proceed with the litigation in the proper posture.").

Courts "possess considerable discretion" in granting motions to strike. *Zurich Am. Ins. Co. v. Watts Regulator Co.*, 796 F. Supp. 2d 240, 246 (D. Mass. 2011). Defenses or affirmative defenses are properly stricken when they present no question of law or fact that might allow the defendant to prevail, and would burden the plaintiff or the court by, for example, unnecessarily broadening the scope of discovery or trial. *See In re Gabapentin Patent Litig.*, 648 F. Supp. 2d at 648; *see also FDIC v. Gladstone*, 44 F. Supp. 2d 81, 90 (D. Mass. 1999) (striking defense where "Massachusetts law is clear" that it was not available in given circumstances); *Soc'y of Lloyd's v. Hamilton*, 501 F. Supp. 2d 248, 252 (D. Mass. 2007) (striking extraneous affirmative defenses where the controlling statute "specifically limits the defenses that may be raised"); *FDIC v. Pelletreau & Pelletreau*, 965 F. Supp. 381, 389 (E.D.N.Y. 1997) ("Increased time and expense of trial may constitute sufficient prejudice to warrant granting a plaintiff's motion to strike."). Further, any defense that "might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action" is "particularly vulnerable to a Rule 12(f) motion." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. 2012). Such defenses "can and should be deleted." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (affirming order granting motion to strike affirmative defense that was invalid as a matter of law); *Allapattah Servs., Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1371 (S.D. Fla. 2005) (same).

3

## **ARGUMENT**

MassMutual has asserted two claims against Defendants:  (i) a claim for primary liability under Section 410(a) of the Massachusetts Uniform Securities Act (the "Massachusetts Securities Act"), *see* Compl. ¶¶ 676-683; and (ii) a claim for control person liability under Section 410(b).  *See id.* ¶¶ 684-710.  Each claim has a limited number of straightforward elements.

To recover under Section 410(a), MassMutual need only prove that the defendant offered or sold a security in Massachusetts using an untrue statement or omission of a material fact, MassMutual purchased the security from the defendant, and MassMutual did not know of the untruth or omission.  *See* Mass. Gen. Laws ch. 110A, § 410(a)(2); *Marram v. Kobrick Offshore Fund, Ltd.*, 809 N.E.2d 1017, 1026 (Mass. 2004).  Critically, MassMutual's level of sophistication, its reliance or lack of reliance on the misrepresentation or omission, the defendants' degree of scienter, and loss causation or lack of loss causation are all irrelevant.  *See Marram*, 809 N.E.2d at 1025-27.  To recover under Section 410(b), MassMutual need only prove that the defendant was an officer or director of, or otherwise "directly or indirectly" controlled, a seller liable under subsection (a).  *See* Mass. Gen. Laws ch. 110A, § 410(b).

In light of the above, Defendants may present only a narrow range of defenses available to MassMutual's Section 410 claims.  They may challenge the elements of the claims or raise two statutory affirmative defenses (along with a narrow range of other defenses, if viable, such as statute of limitations or personal jurisdiction, which were previously argued to the Court).  *See Marram*, 809 N.E.2d at 1027.  For the statutory affirmative defenses, Defendants may seek to prove that MassMutual was actually aware of the misrepresentation or omission or that a defendant did not know, and in the exercise of reasonable care could not have known, of the untruth or omission.  *See id.* at 1027-28.

4

Despite these limitations, Defendants' Amended Answers include a host of legally invalid defenses that threaten to broaden the scope of discovery and trial.  These improper defenses should be stricken.

### A.    The Sixth Defense That Defendants Neither Owed Nor Breached a Duty Is Inapplicable and Contrary to Section 410

For their sixth purported defense, Defendants assert that "Plaintiff's claims are barred, in whole or in part, because Defendant neither owed nor breached any duty to Plaintiff to disclose information allegedly omitted from the Offering Documents for the subject securities, and had no duty to verify, opine upon, audit, review or correct such information."  J.P. Morgan Securities Amended Answer at 83-84; WaMu Capital, *et al.* Amended Answer at 85; Mayer, *et al.* Amended Answer at 83-84; Verschleiser, *et al.* Amended Answer at 82-83.  This defense should be stricken because the argument that there was "no duty" to make accurate disclosures is foreclosed by Section 410.

Defendants' purely statutory liability is not premised on any common law duty of care or disclosure.  Rather, MassMutual has asserted two claims under the Massachusetts Securities Act, which establishes liability for any person who offers or sells a security by means of a false or misleading statement.  Mass. Gen. L. ch. 110A, § 410(a)(2); *Marram*, 809 N.E.2d at 1026.  Once MassMutual has shown that there were materially false and misleading statements in the offering materials, it need not prove that Defendants owed it a "duty," and "no duty" is not a valid defense.

Similarly, the argument that Defendants had "no duty to verify . . . information" is not a valid defense.  Sections 410(a) and (b) make Defendants liable for false and misleading statements in the offering materials unless they "sustain the burden of proof" that they did not know, and *in exercise of reasonable care could not have known*, of the false or misleading

statement.  These sections therefore impose a statutory "duty" that Defendants exercise

reasonable care in reviewing information in the offering materials to avoid liability.  The

inapplicable "no duty" defenses should be stricken.

> **B.     The Eighth and Fourteenth Defenses Asserting That MassMutual "Should Have Known," Had "Constructive Knowledge," or "Assumed the Risk" Are Contrary to Law**

For their eighth and fourteenth purported defenses, Defendants assert that MassMutual

"should have known" of the alleged misstatements or omissions, had "constructive knowledge"

of the risks of the securities, and "assumed the risks."  J.P. Morgan Securities Amended Answer

at 84-85; WaMu Capital, *et al.* Amended Answer at 85-87; Mayer, *et al.* Amended Answer at 84-

85; Verschleiser, *et al.* Amended Answer at 83-84.  These defenses are not viable defenses to

MassMutual's statutory claims and should be stricken.[1]

Section 410 of the Massachusetts Securities Act makes clear that the only instance in

which knowledge on the part of a plaintiff will bar a claim is if a defendant proves that the

plaintiff had actual knowledge of the misrepresentation or omission at the time of purchase.  *See*

*Marram*, 809 N.E.2d at 1027-28 (Section 410 "preclude[s] recovery whenever a plaintiff [buyer]

*actually knows* that a representation is false or knows that existing information has been

withheld") (emphasis added and internal quotations omitted).  "Should have known" is not a

defense; the plaintiff does not have "any duty to investigate" the truth of any representations

made by the defendant.  *Id.* at 1025.

Defendants have asserted MassMutual's actual knowledge as a defense in a portion of

their eighth and fourteenth defenses.  The inclusion of the further purported defense that

---

[1]   MassMutual moves to strike those portions of Defendants' eighth and fourteenth defenses that assert MassMutual "should have known" of the misstatements or omissions, had "constructive knowledge" of the risks, or "assumed the risks," none of which is a valid defense.

MassMutual "should have known" or had "constructive knowledge" is contrary to law and improper.  Moreover, the inclusion of a defense that MassMutual "assumed the risks" is also improper.  Section 410 "was intended to reverse the age-old concept of caveat emptor and replace it with the concept of . . . seller beware."  *Marram*, 809 N.E.2d at 1026 (internal quotations omitted).  There is no basis to argue that MassMutual "assumed the risks."  *See id.* at 1025; *see also* Roger J. Magnuson, 1 *Shareholder Litigation* § 5:9: Section 12(2) – Defenses (2011) ("If plaintiff knew of the falsity, of course, he cannot recover.  No other defenses based on plaintiff's conduct are permitted.  There is no defense of . . . assumption of risk.").  The portions of Defendants' eighth and fourteenth defenses that refer to constructive knowledge or assumption of risk should be stricken.

### C.        The Twelfth Defense Disputing MassMutual's Reliance Is Improper

For their twelfth purported defense, Defendants Verschleiser, Nierenberg, and Marano assert that "Plaintiff did not and could not have reasonably and/or justifiably relied on the alleged misstatements or omissions in the Offering Documents for the subject securities."  Verschleiser, *et al.* Amended Answer at 84.  The remaining Defendants assert MassMutual's lack of reasonable or justifiable reliance as part of their twelfth purported defense.  J.P. Morgan Securities Amended Answer at 85 (asserting that "Plaintiff's claims are barred in whole or in part because there is no causal relationship between the alleged misstatements or omissions and Plaintiff's certificate purchases, and Plaintiff's purchases were not effected by means of the alleged misstatements or omissions, including because Plaintiff did not reasonably or justifiably rely on any alleged misstatements or omissions when purchasing the certificates"); WaMu Capital, *et al.* Amended Answer at 86 (same); Mayer, *et al.* Amended Answer at 85 (same).

These defenses based on a purported lack of reasonable or justifiable reliance on the part of MassMutual should be stricken because lack of actual or justifiable reliance is not a defense to

claims under Section 410.[2]  *See Marram*, 809 N.E.2d at 1026 ("[B]ecause G.L. c. 110A,

§ 410(a)(2) holds the seller liable for inaccurate disclosure or nondisclosure of material

information, '[f]oremost among the elements that the buyer does not have to prove is reliance.'")

(citation omitted); *accord In re Access Cardiosystems, Inc.*, 404 B.R. 593, 648 n.81 (Bankr. D.

Mass. 2009) ("A plaintiff need not prove reliance on the material misrepresentation or omission

to recover for securities fraud under § 410(a)(2)").  The parties should not waste time and

resources litigating this legally invalid defense.  *See, e.g.*, *Gladstone*, 44 F. Supp. 2d at 90; *DGM*,

2004 WL 635743, at *1.

### D.     The Seventeenth Defense, Which Seeks to Reduce MassMutual's Recovery Based on Fault Allegedly Attributable to Others, Is Contrary to Section 410

For their seventeenth purported defense, Defendants assert that "Plaintiff's claims are

barred in whole or in part, because, to the extent that Plaintiff incurred any injury or damage as

alleged in the Complaint, which Defendant denies, any such injury or damage was caused and

brought about by the acts, conduct or omissions of individuals and/or entities other than

Defendant and, as such, any recovery herein should be precluded or diminished in proportion to

the amount of fault attributable to such other individuals and/or entities."  J.P. Morgan Securities

Amended Answer at 86; WaMu Capital, *et al.* Amended Answer at 87; Mayer, *et al.* Amended

Answer at 86; Verschleiser, *et al.* Amended Answer at 85.  This defense appears to be imported

from the federal securities laws, which in some instances limit a plaintiff's damages by assessing

the defendant's proportionate fault.  *See* 15 U.S.C. §§ 77k(f)(2)(A), 78u-4(f)(2)(B)(i), 78u-

4(f)(3)(A)(ii), 78u-4(f)(10)(C)(i).

---

[2]   MassMutual moves to strike those portions of Defendants' twelfth defense that assert lack of reasonable or justifiable reliance, which is not a valid defense.

The concept of comparative fault is nowhere to be found in the Massachusetts Securities Act.  To the contrary, Section 410(a) provides that a seller is liable for the full extent of rescission or damages, and Section 410(b) provides that control persons are jointly and severally liable.  This defense, which is contrary to the express terms of the statute, should be stricken.

### E.       The Nineteenth Defense Challenging Loss Causation Is Improper

For their nineteenth purported defense, Defendants assert that "[t]o the extent Plaintiff has suffered any legally cognizable injury or loss, which Defendant denies, any injury or loss was caused by intervening or superseding events, factors, occurrences, conditions or acts of others and/or other factors and not by the alleged wrongful conduct on the part of Defendant." J.P. Morgan Securities Amended Answer at 86-87; WaMu Capital, *et al.* Amended Answer at 88; Mayer, *et al.* Amended Answer at 86-87; Verschleiser, *et al.* Amended Answer at 85.  The Massachusetts Supreme Judicial Court has made clear that loss causation is not an element of or a defense to claims under Section 410 of the Massachusetts Securities Act.  *See, e.g.*, *Marram*, 809 N.E.2d at 1025 (Section 410 applies "regardless of the actual cause of the investor's loss."). If MassMutual proves that a security was sold by means of a materially false or misleading statement, it is entitled to recovery, regardless if its loss was caused by "intervening or superseding events, factors, occurrences, conditions or acts of others."  Because Defendants' impermissible loss causation defense threatens to expand the scope of discovery and trial, it should be stricken.  *See, e.g.*, *In re Gabapentin Patent Litig.*, 648 F. Supp. 2d at 648.

### F.       The Twentieth and Twenty-First Defenses That MassMutual "Failed . . . to Mitigate" Are Also Inapplicable to Section 410 Claims

For their twenty-first or twenty-second purported defense, Defendants assert that "Plaintiff's claims are barred, in whole or in part, because it failed to make reasonable efforts to mitigate its alleged injury or damage, which efforts would have prevented all or part of any such

alleged injury or damage."  J.P. Morgan Securities Amended Answer at 87; WaMu Capital, *et al.* Amended Answer at 88; Mayer, *et al.* Amended Answer at 87; Verschleiser, *et al.* Amended Answer at 85.  Because Section 410 of the Massachusetts Securities Act sets forth specific formulas for calculating recovery under the statute, a failure to mitigate defense is not available in this case.

Section 410 expressly provides that a securities purchaser is entitled to recover either (i) the consideration paid for the security, plus interest, costs, and reasonable attorneys' fees, less the income received, if the purchaser still owns the security and tenders it (the rescissionary remedy); or (ii) the rescissionary remedy, less the value received upon sale, plus interest from the date of sale, if the purchaser has sold the security.  Mass. Gen. L. ch. 110A, § 410(a)(2).  There is no requirement that a securities purchaser "mitigate" these statutory damages.  To the contrary, the statute explicitly allows a purchaser to make the decision to tender "at any time before entry of judgment."  Mass. Gen. L. ch. 110A, § 410(c).  Defendants cannot rewrite an unambiguous statute using a mitigation defense.  *See, e.g.*, *LeClair v. Norwell*, 719 N.E.2d 464, 470 (Mass. 1999) ("When statutory language is clear and unambiguous it must be construed as written."). The defense should be stricken.

> **G.     The Twenty-Third and Twenty-Fourth Defenses That MassMutual's Claims Are Barred "by Laches, Equitable Estoppel, Waiver or Other Related Equitable Doctrines" Are Inapplicable to These Statutory Claims**

For their twenty-third or twenty-fourth purported defense, Defendants assert that "Plaintiff's claims are barred, in whole or in part, by laches, equitable estoppel, waiver or other related equitable doctrines."  J.P. Morgan Securities Amended Answer at 87; WaMu Capital, *et al.* Amended Answer at 88; Mayer, *et al.* Amended Answer at 87; Verschleiser, *et al.* Amended Answer at 86.  These boilerplate equitable defenses should not be permitted to expand discovery and trial because they are not viable defenses to MassMutual's statutory claims.

10

Section 410 expressly provides that its remedies cannot be waived. *See* Mass. Gen. Laws ch. 110A, § 410(g) ("Any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this chapter or any rule or order hereunder is void."). For that reason, courts have rejected attempts by defendants to assert waiver and related equitable defenses, such as equitable estoppel, to blue sky claims. *See Marram*, 809 N.E.2d at 1029 ("[W]aiver by estoppel is [a] waiver defense 'not available in a case involving only violations of Georgia and/or federal securities laws.'") (quoting *Jones v. Miles*, 656 F.2d 103, 106-07 (5th Cir. 1981)); *Go2net, Inc. v. Freeyellow.com, Inc.*, 143 P.3d 590, 593 (Wash. 2006) (holding that the equitable defenses of waiver and estoppel were not available under Washington's securities act). Defendants' bare-bones equitable defenses also should be rejected here, because the defenses are invalid, will confuse the issues, and will unnecessarily expand discovery. *See, e.g.*, *Gladstone*, 44 F. Supp. 2d at 90; *DGM*, 2004 WL 635743, at *1; *Operating Eng'rs Local 139 Health Benefit Fund v. Lake States Indus. Servs., Inc.*, No. 05-C-0020, 2005 WL 1563332, at *4 (E.D. Wis. June 30, 2005) ("bare bones" affirmative defenses that are "merely listed without providing a short statement explaining the basis of the defense [are] properly stricken").

## CONCLUSION

For the reasons set forth above, MassMutual respectfully requests that the Court grant its motion to strike the following purported defenses (in the identified parties' Amended Answers): Sixth Defense (all Defendants); Eighth Defense (all Defendants, to the extent it asserts MassMutual "should have known" of the misstatements or omissions); Twelfth Defense (all Defendants, to the extent it asserts MassMutual did not "reasonably or justifiably rely" on the misstatements or omissions); Fourteenth Defense (all Defendants, to the extent it asserts MassMutual "assumed the risks" or had "constructive knowledge"); Seventeenth Defense (all

11

Defendants); Nineteenth Defense (all Defendants); Twentieth Defense (all Defendants other than

Verschleiser, Nierenberg, and Marano); Twenty-First Defense (Verschleiser, Nierenberg, and

Marano); Twenty-Third Defense (all Defendants other than Verschleiser, Nierenberg, and

Marano); and Twenty-Fourth Defense (Verschleiser, Nierenberg, and Marano).


DATED:  May 9, 2012                    EGAN, FLANAGAN AND COHEN, P.C.
                                       By:    /s/ Edward J. McDonough Jr.
                                            Edward J. McDonough Jr. (BBO 331590)
                                            Stephen E. Spelman (BBO 632089)
                                            Egan, Flanagan and Cohen, P.C.
                                            67 Market Street, P.O. Box 9035
                                            Springfield, Massachusetts  01102
                                            Telephone:  (413) 737-0260
                                            Fax:  (413) 737-0121
                                            ejm@efclaw.com; ses@efclaw.com

                                       MASSACHUSETTS MUTUAL LIFE
                                       INSURANCE COMPANY

                                            Mark Roellig (BBO 669117)
                                            Executive Vice President and General Counsel
                                            Bernadette Harrigan (BBO 635103)
                                            Assistant Vice President & Counsel
                                            Eleanor P. Williams (BBO 667201)
                                            Assistant Vice President & Counsel
                                            Massachusetts Mutual Life Insurance Company
                                            1295 State Street
                                            Springfield, Massachusetts  01111
                                            Telephone:  (413) 788-8411
                                            Fax:  (413) 226-4268
                                            bharrigan@massmutual.com;
                                            ewilliams@massmutual.com

Of counsel:

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Philippe Z. Selendy (admitted *pro hac*)
Jennifer J. Barrett (admitted *pro hac*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Fax (212) 849-7100

A. William Urquhart (admitted *pro hac*)
Harry A. Olivar, Jr. (admitted *pro hac*)
Molly Stephens (admitted *pro hac*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax (213) 443-3100

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 9th day of May, 2012.

*/s/ Edward J. McDonough Jr.*

_____

Edward J. McDonough Jr.

14