**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A.; J.P. MORGAN MORTGAGE ACQUISITION CORPORATION; J.P. MORGAN SECURITIES LLC; J.P. MORGAN ACCEPTANCE CORPORATION I; DAVID M. DUZYK; LOUIS SCHIOPPO, JR.; WILLIAM A. KING; EMC MORTGAGE CORPORATION; STRUCTURED ASSET MORTGAGE INVESTMENTS II INC.; BEAR STEARNS ASSET BACKED SECURITIES I LLC; COHEN LEGACY, LLC; JEFFREY L. VERSCHLEISER; MICHAEL B. NIERENBERG; JEFFREY MAYER; THOMAS F. MARANO; JOSEPH T. JURKOWSKI, JR.; MATTHEW E. PERKINS; SAMUEL L. MOLINARO, JR.; WAMU ASSET ACCEPTANCE CORPORATION; WAMU CAPITAL CORPORATION; WASHINGTON MUTUAL MORTGAGE SECURITIES CORPORATION; RICHARD CAREAGA; DAVID BECK; DIANE NOVAK; THOMAS GREEN; and ROLLAND JURGENS, <br><br> Defendants. | Civil Action No. 3:11-30094-MAP |

**MASSMUTUAL'S REPLY IN SUPPORT OF
ITS MOTION TO STRIKE CERTAIN PURPORTED DEFENSES**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...............................................................................................................................2

I.     DEFENDANTS MISSTATE THE LEGAL STANDARD GOVERNING THIS
       MOTION.............................................................................................................................2

II.    THE LEGALLY INVALID DEFENSES IDENTIFIED IN THE MOTION
       SHOULD BE STRICKEN...................................................................................................4

       A.     Defendants' Arguments Demonstrate the Invalidity of Their "No Duty"
              Defense .................................................................................................................4

       B.     Defendants' Opposition Confirms That the "Should Have Known," Had
              "Constructive Knowledge, and "Assumed the Risk" Defenses Should Be
              Stricken .................................................................................................................6

       C.     Defendants Fail to Justify Their Invalid Reliance Defense ...................................7

       D.     Defendants' Seventeenth Defense Based on Proportionate Fault Is Distinct
              from Statutory Contribution Rights and Is Contrary to the Plain Language
              of Section 410 .......................................................................................................8

       E.     Defendants Fail to Justify Their Loss Causation Defense ...................................10

       F.     "Failure to Mitigate" Is Not a Viable Defense to a Section 410 Claim................11

       G.     Defendants Fail to Justify Their Assertion of Equitable Defenses to
              MassMutual's Statutory Claims...........................................................................13

CONCLUSION...........................................................................................................................16

# TABLE OF AUTHORITIES

**Page**

## Cases

*In re Access Cardiosystems, Inc.*,
438 B.R. 16 (Bankr. D. Mass. 2010) ...................................................................15

*Coach, Inc. v. Kmart Corps.*,
756 F. Supp. 2d 421 (S.D.N.Y. 2010) ...................................................................3

*DGM Invs., Inc. v. N.Y. Futures Exch., Inc.*,
No. 01 Civ. 11602, 2004 WL 635743 (S.D.N.Y. Mar. 31, 2004) ...........................2

*Dann v. Lincoln Nat'l Corp.*,
274 F.R.D. 139 (E.D. Pa. 2011) ....................................................................13, 14

*Dennison v. LaPointe*,
No. 06-40100-FDS, 2006 WL 3827516 (D. Mass. Dec. 21, 2006) .........................3

*Frota v. Prudential-Bache Sec., Inc.*,
No. 85 Civ. 9698, 1987 WL 4925 (S.D.N.Y. May 15, 1987)................................15

*Gannett Co., Inc. v. Register Publ'g Co.*,
428 F. Supp. 818 (D. Conn. 1977)......................................................................15

*Go2net, Inc. v. Freeyellow.com, Inc.*,
143 P.3d 590 (Wash. 2006)...........................................................................15, 16

*Hayes v. McGee*,
No. 10-40095-FDS, 2011 WL 39341 (D. Mass. Jan. 6, 2011) ...............................3

*Jones v. Miles*,
656 F.2d 103 (5th Cir. 1981) .........................................................................14, 15

*MBank Fort Worth, N.A. v. Trans Meridian, Inc.*,
820 F.2d 716 (5th Cir. 1987) ..............................................................................15

*Marram v. Kobrick Offshore Fund. Ltd.*,
442 Mass. 43, 809 N.E.2d 1017 (2004) ..........................7, 8, 10, 11, 14, 15, 16

*In re Olympia Brewing Co. Sec. Litig.*,
No. 77 C 1206, 1985 WL 3928 (N.D. Ill. Nov. 13, 1985)................................5, 12

*Operating Eng'rs Local 139 Health Benefit Fund v. Lake States Indus. Servs., Inc.*,
No. 05-C-0020, 2005 WL 1563332 (E.D. Wis. June 30, 2005) ...........................14

*Palmer v. Oakland Farms, Inc.*,
No. 5:10cv00029, 2010 WL 2605179 (W.D. Va. June 24, 2010) .........................14

*Patsos v. First Albany Corp.*,
433 Mass. 323, 741 N.E.2d 841 (2001) .................................................................6

*Reis Robotics USA, Inc. v. Concept Indus., Inc.*,
   462 F. Supp. 2d 897 (N.D. Ill. 2006) ...................................................................................14

*SEC v. Ross*,
   504 F.3d 1130 (9th Cir. 2007) ...........................................................................................15

*United States v. 729-773 Acres of Land, More or Less*,
   531 F. Supp. 967 (D. Haw. 1982) ........................................................................................3

*United States v. Atl. Research Corp.*,
   551 U.S. 128 (2007)......................................................................................................9, 10

*United States v. Manhattan-Westchester Med. Servs., P.C.*,
   No. 06 Civ. 7905 (WHP), 2008 WL 241079 (S.D.N.Y. Jan. 28, 2008) ...................................3

## Statutes

15 U.S.C. § 78u-4(f) .....................................................................................................................9

Fed. R. Civ. P. 12(f) .....................................................................................................................2

Mass. Gen. Laws ch. 110A, § 410 ....................................................................................... *passim*

Mass. Gen. Laws ch. 110A, § 410(a)............................................................................4, 5, 7, 9, 12

Mass. Gen. Laws ch. 110A, § 410(b) .............................................................................................9

Mass. Gen. Laws ch. 110A, § 410(c)............................................................................................12

## Miscellaneous

5C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1381 (3d ed. 2012)................2

Roger J. Magnuson, *Shareholder Litigation* § 5:9: Section 12(2) - Defenses (May 2012)...........15

Pursuant to the stipulation submitted on April 13, 2012, Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual" or "Plaintiff") respectfully submits this reply memorandum in support of its motion to strike certain purported defenses asserted by Defendants J.P. Morgan Securities LLC ("J.P. Morgan Securities"); WaMu Capital Corporation ("WaMu Capital"); and Jeffrey L. Verschleiser, Michael B. Nierenberg, Thomas F. Marano, Jeffrey Mayer, Joseph T. Jurkowski, Jr., Samuel L. Molinaro, Jr., David Beck, and Diane Novak (collectively, the "Officer Defendants," and together with J.P. Morgan Securities and WaMu Capital, "Defendants") in their respective Amended Answers.

## <u>PRELIMINARY STATEMENT</u>

To avoid insertion of a variety of nonissues in this otherwise straightforward case, MassMutual has moved to strike from Defendants' Amended Answers several legally invalid defenses that have no conceivable application to MassMutual's claims under the Massachusetts Uniform Securities Act.  Because Defendants cannot show that any of the challenged defenses are valid, they resort to arguments justifying other defenses they have asserted (which MassMutual has not moved to strike), and all but ignore the challenged defenses that are the subject of this motion.  For example, instead of attempting to justify their challenged "no duty to disclose" defense, Defendants' argument addresses a different defense that the allegedly omitted information did not render any statement misleading.  Instead of addressing their challenged lack of reasonable or justifiable reliance defense, Defendants' argument addresses a different defense that the Certificates were not sold by means of false or misleading statements.  Instead of addressing their challenged constructive knowledge defense, Defendants' argument addresses a different "willful blindness" defense that is not to be found in their Amended Answers.  And instead of addressing their challenged proportionate fault defense, Defendants' argument addresses a different contribution defense, which is also asserted elsewhere.

1

No amount of pretending that MassMutual's motion is directed to defenses that it does not address can save the legally invalid defenses in the Amended Answers. When defenses are legally invalid, a motion to strike serves the useful purpose of eliminating such insufficient defenses to preserve the parties' and the Court's resources, to focus the issues, to discourage irrelevant frolics and detours in discovery, and to hasten resolution of the case. MassMutual's motion to strike should be granted in its entirety.

## ARGUMENT

## I. DEFENDANTS MISSTATE THE LEGAL STANDARD GOVERNING THIS MOTION

As set forth in MassMutual's moving papers, Federal Rule 12(f) permits motions to strike purported defenses that are legally invalid and have no conceivable application to MassMutual's claims. *See, e.g.*, 5C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1381 (3d ed. 2012) (any defense that "would not, under the facts alleged, constitute a valid defense to the action" is "particularly vulnerable to a Rule 12(f) motion," and "can and should be deleted"). Notwithstanding Defendants' protests to the contrary, MassMutual's motion does not involve "substantial issues of law," "close or new questions of law," or factual disputes. Opp. at 3. Rather, the motion is directed exclusively to purported defenses included in the Amended Answers that have no conceivable application to this case. With respect to plainly inapplicable defenses, motions to strike are *not* disfavored and, in fact, they "serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues that would not affect the outcome of the case." *DGM Invs., Inc. v. N.Y. Futures Exch., Inc.*, No. 01 Civ. 11602, 2004 WL 635743, at *1 (S.D.N.Y. Mar. 31, 2004) (internal quotations omitted); *see also* Motion at 2-3 (citing additional cases).

In arguing that motions to strike are disfavored, Defendants rely on case law addressing motions to strike allegations in a complaint or defenses the success of which may depend on discovery. *See, e.g., Hayes v. McGee*, No. 10-40095-FDS, 2011 WL 39341, at *1 (D. Mass. Jan. 6, 2011) (motion to strike complaint); *Dennison v. LaPointe*, No. 06-40100-FDS, 2006 WL 3827516, at *2 (D. Mass. Dec. 21, 2006) (same); Opp. at 3-4 (citing cases involving defenses dependent on discovery). These cases have no applicability to this motion, which seeks to strike legally invalid defenses that no amount of discovery can rescue. Defendants also maintain that even legally meritless defenses should not be stricken unless MassMutual can make a separate showing of prejudice. This argument misstates the legal standard. Allowing Defendants to maintain purported defenses that are invalid as a matter of law is, by definition, prejudicial. *See, e.g., Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 426 (S.D.N.Y. 2010) ("[I]nclusion of a defense that must fail as a matter of law prejudices the plaintiff because it will needlessly increase the duration and expense of litigation."); *United States v. Manhattan-Westchester Med. Servs., P.C.*, No. 06 Civ. 7905 (WHP), 2008 WL 241079, at *3 (S.D.N.Y. Jan. 28, 2008) ("Where a defense must fail as a matter of law, its inclusion prejudices the plaintiff because it will increase the duration and expense of trial."); *United States v. 729-773 Acres of Land, More or Less*, 531 F. Supp. 967, 971 (D. Haw. 1982) ("Although [a motion to strike] is not normally granted unless prejudice would result to the movant from the denial of the motion, *it is appropriately granted where the defense is clearly legally insufficient . . . .*") (emphasis added).

Defendants' persistent efforts to recast the legal standard notwithstanding, there is no legitimate dispute that defenses with no conceivable legal merit threaten to confuse the issues and should be stricken.

## II.   THE LEGALLY INVALID DEFENSES IDENTIFIED IN THE MOTION SHOULD BE STRICKEN

### A.   Defendants' Arguments Demonstrate the Invalidity of Their "No Duty" Defense

MassMutual has moved to strike Defendants' sixth purported defense that they owed no duty to MassMutual, including no duty to disclose information and no duty to verify information in the offering materials, because a "no duty" defense is foreclosed by Section 410. *See* Motion at 5-6.  Defendants do not, and cannot, dispute that "no duty to verify information" is inapplicable to this statute imposing liability for material misrepresentations. *See* Opp. at 5-7 (failing to address defense).  Section 410(a)(2) creates a statutory "duty" that a defendant exercise reasonable care in reviewing information to avoid liability, and the "no duty to verify information" defense, which is contrary to the statute and confuses the issues, should be stricken. *See* Motion at 5-6.

Not taking any of these points head on, Defendants focus exclusively on the statutory language regarding omissions, arguing that "the statute requires a duty to disclose before liability for an alleged omission can attach." *See* Opp. at 5.  Defendants are wrong; there is nothing in the statute or relevant case law requiring a plaintiff to plead or prove a duty to disclose.  Instead, as Defendants admit, Section 410 merely requires a plaintiff to plead and prove "'any untrue statement of a material fact or any omission to state a material fact *necessary in order to make the statements made . . . not misleading*.'"  *Id.* (emphasis in original).  This language does not give rise to a "no duty" defense, as Defendants maintain, but rather to a defense that the allegedly omitted information did not render any statement misleading.  Defendants have asserted this defense in various forms, and MassMutual has not moved to strike it. *See, e.g.*, J.P. Morgan Securities Amended Answer (Fourth Defense, Fifth Defense); WaMu Capital, *et al.* Amended Answer (Fourth Defense, Fifth Defense); Mayer, *et al.* Amended Answer (Fourth

Defense, Fifth Defense); Verschleiser, *et al*. Amended Answer (Fourth Defense, Fifth Defense). Although Defendants are free to argue that omitted facts were not material or that they were not necessary to make the statements made not misleading, as Defendants do in these other defenses, Defendants are not free to advance a separate "no duty" defense that is unsupported by the statute or case law.[1]

Defendants also argue that because Section 410 imposes liability for omissions that render a statement misleading (and not for pure omissions), a duty to disclose is somehow implicated.  *See* Opp. at 5-7.  But this argument proves MassMutual's point:  because the statute does not create liability for pure omissions, only for omissions that render a corresponding statement misleading, there is no "duty to disclose" at issue under the statute.  *See* Motion at 8; Opp. at 5 (citing cases making clear that a duty to disclose is implicated only when, unlike here, a plaintiff seeks to hold a defendant liable for silence).  The statute merely requires MassMutual to show that an omission rendered a statement made in the offering materials misleading.  *See* Mass. Gen. Laws ch. 110A, § 410(a)(2).  MassMutual need not show in addition that a Defendant owed a "duty" of disclosure, and argument about the absence of such a "duty" is not a defense.  The statute itself makes irrelevant any "no duty" defense with respect to the omissions it describes, and Defendants cannot insert the defense into this case to confuse the issues or expand discovery.

Finally, Defendants assert that MassMutual would not be prejudiced by allowing it to pursue the "no duty" defense.  Opp. at 6.  To the contrary, not only is the defense likely to confuse the issue of what is required under the statute (the Opposition itself is evidence of that),

---

[1]  Under Defendants' own authority, any defense challenging an element of a claim is separately subject to a motion to strike because the defense should be raised in the denial and not as a separate defense.  *See In re Olympia Brewing Co. Sec. Litig.*, No. 77 C 1206, 1985 WL 3928, at *2 (N.D. Ill. Nov. 13, 1985); Opp. at 7.

but it also threatens to expand discovery.  Whether a duty of disclosure existed between

Defendants and MassMutual could give rise to a fact-intensive inquiry involving, for example,

discovery into all aspects of the relationship between Defendants and MassMutual over a period

of time prior to MassMutual's purchases of the Certificates.  *See, e.g.*, *Patsos v. First Albany*

*Corp.*, 433 Mass. 323, 332-37, 741 N.E.2d 841, 849-52 (2001) (discussing the factual inquiry a

court must undergo to determine if a duty to disclose exists, including examining the relationship

between the parties, along with their relative knowledge and expertise).  The "no duty" defense

should be stricken, and Defendants should be left with the omissions-related defenses set forth in

the statute.

> **B.      Defendants' Opposition Confirms That the "Should Have Known," Had "Constructive Knowledge, and "Assumed the Risk" Defenses Should Be Stricken**

MassMutual has moved to strike the constructive knowledge ("should have known") and

assumption of risk defenses raised in Defendants' eighth and fourteenth purported defenses

because the law is clear that these are not viable defenses to a Section 410 claim.  *See* Motion at

6-7.  Defendants do not, and cannot, dispute that these defenses are legally invalid, *see* Opp. at

14-15, and this concession by lack of argument alone justifies striking the defenses.  *See supra*

Section I.

Instead, Defendants argue in favor of another defense, a "willful blindness" defense, that

is not found in their Amended Answers.  Defendants argue that the challenged defenses cannot

be stricken "[i]nsofar as striking [them] would immunize Plaintiff from the defense that it was

willfully blind to the alleged misstatements or omissions."  *See* Opp. at 14.  Defendants'

arguments in support of a separate defense that it has not asserted are irrelevant.

First, Defendants do not explain how willful blindness, which Defendants argue is one

definition of actual knowledge used in the criminal context, is the same as constructive

knowledge and assumption of risk presented in their challenged defenses. *See id.* at 14-15.

Second, Defendants provide no justification for importing the willful blindness doctrine from the

criminal context and applying it to a securities fraud case seeking recovery under the

Massachusetts Securities Act.  Defendants' cases, which apply the doctrine to culpable

defendants, *see id.*, do not support applying the doctrine to a statute that, by its plain terms,

specifies that only actual knowledge is a defense.  *See* Mass. Gen. Laws ch. 110A, § 410(a)(2).

There is particularly no reason to alter the statutory requirements given that the statute "was

intended to reverse the age-old concept of caveat emptor and replace it with the concept of . . .

seller beware."  *Marram v. Kobrick Offshore Fund. Ltd.*, 442 Mass. 43, 51, 809 N.E.2d 1017,

1026 (2004).

Defendants also argue that these defenses cannot be stricken because MassMutual has not

made a separate showing of prejudice (beyond legal invalidity, which is conceded) with respect

to the constructive knowledge and assumption of risk defenses.  Opp. at 15.  A separate showing

of prejudice is not required to strike legally invalid defenses.  *See supra* Section I.  In any event,

allowing these defenses would risk opening discovery into additional irrelevant areas, including

the reasonableness of MassMutual's investigation prior to its purchase of the Certificates, its

investment history, what MassMutual "should have known" from numerous investments not at

issue in this case (likely requiring expert testimony), the "risks" it assumed, and the like.  The

defenses should be stricken.

### C.    Defendants Fail to Justify Their Invalid Reliance Defense

MassMutual has moved to strike all or a portion of Defendants' twelfth defense asserting

that MassMutual did not reasonably or justifiably rely on any alleged misrepresentations because

the law is clear that reliance is irrelevant to a claim under Section 410.  *See* Motion at 9.

Defendants do not address MassMutual's argument, and do not address the validity of a reliance

defense at all.  Instead, Defendants argue that the portion of the defense MassMutual has *not* moved to strike (which asserts that the Certificates MassMutual purchased were not sold "by means of" the misrepresentations) is valid.  *See* Opp. at 12-14.  Obviously, Defendants cannot maintain a legally invalid defense by combining it with a potentially valid one.  Courts have analyzed the very "by means of" language Defendants cite and have held that it does not impose any reliance element or support a reliance defense.  *See Marram*, 442 Mass. at 51-52, 809 N.E.2d at 1026.

Even though a reasonable and justifiable reliance defense is plainly invalid, Defendants insist that it should remain in the case because it purportedly is non-prejudicial; Defendants maintain that any discovery related to the defense will "substantially overlap with discovery relevant to other defenses that MassMutual does not seek to strike."  Opp. at 13-14.  Defendants are wrong on both counts.  First, a legally invalid defense is, by definition, prejudicial.  *See supra* Section I.  Second, perpetuating an invalid reliance defense threatens to waste time and resources on unique factual issues regarding what specific statements in the offering materials MassMutual may have reviewed or relied on[2] and on unique expert issues regarding whether MassMutual's reliance was reasonable or justifiable.  The invalid reliance defense should also be stricken.

### D.  Defendants' Seventeenth Defense Based on Proportionate Fault Is Distinct from Statutory Contribution Rights and Is Contrary to the Plain Language of Section 410

MassMutual has moved to strike Defendants' seventeenth purported defense based on proportionate fault because the defense improperly seeks to reduce MassMutual's statutorily prescribed recovery based on arguments that the harm is allegedly attributable to the actions of

---

[2]  Defendants are wrong that MassMutual's reliance is relevant to materiality.  *See* Opp. at 13-14.  The test for materiality is an objective one, and whether MassMutual read and relied on a particular statement says nothing about whether a reasonable investor would have found the statement to be material.

others.  *See* Motion at 8-9.  The attempt to reduce MassMutual's recovery based on arguments about the fault of others is contrary to the provisions of Section 410, which makes every proper defendant liable for the full extent of rescission or damages.  *See id.*; Mass. Gen. Laws ch. 110A, §§ 410(a)(2), 410(b).

Defendants first largely ignore the motion, and instead assert that MassMutual is relying on "the absence of any statutory language" setting forth a proportionate fault defense as the sole reason such a defense is foreclosed.  Opp. at 18-19 (emphasis omitted).  As MassMutual has shown, however, a defense that damages should be reduced based on proportionate fault is foreclosed by the language of the statute awarding a plaintiff the full amount of rescission or damages and making every seller and statutory control person jointly and severally liable for the full amount.  Mass. Gen. Laws ch. 110A, §§ 410(a)(2), 410(b).  For a proportionate fault defense to be available, the Court would have to modify the terms of the statute so that it awards less than the full amount of rescission or damages depending on the proportionate fault of the defendant, which it cannot do.

Defendants also argue that the proportionate fault defense is viable because a defendant is entitled to seek contribution under Section 410.  Opp. at 19-20.  But proportionate fault, which seeks to reduce statutory damages payable to MassMutual, is a separate and distinct defense from contribution, which permits partial recoupment from others after full statutory damages have been paid to MassMutual.  *Compare* 15 U.S.C. § 78u-4(f)(2)(B)(i) (proportionate fault defense to federal 1934 Act claims, which reduces a plaintiff's recovery to correspond to the "percentage of responsibility" of the defendant), *with United States v. Atl. Research Corp.*, 551 U.S. 128, 138 (2007) (defining contribution as a "tortfeasor's right to collect from others responsible for the same tort *after the tortfeasor has paid more than his or her proportionate*

*share*") (internal quotations omitted; emphasis added).  Indeed, Defendants have asserted a separate defense specifically regarding their rights to contribution and/or indemnification, which MassMutual has not challenged.  *See* J.P. Morgan Securities Amended Answer (Twenty-Fifth Defense); WaMu Capital, *et al.* Amended Answer (Twenty-Fifth Defense); Mayer, *et al.* Amended Answer (Twenty-Fifth Defense); Verschleiser, *et al.* Amended Answer (Twenty-Sixth Defense).  The motion obviously does not seek to foreclose any contribution rights Defendants may have after MassMutual is paid statutory damages.  But any right to contribution does not justify the proportionate fault defense, which would prevent MassMutual from obtaining its full statutory recovery.

Finally, Defendants argue that the proportionate fault defense should not be stricken because MassMutual has made no separate showing of prejudice related to the continued assertion of the defense.  Opp. at 20.  Again, the invalidity of the defense alone is reason to strike it.  *See supra* Section I.  In addition, the defense would prejudice MassMutual by:  (i) threatening to reduce the statutory recovery to which MassMutual is entitled; (ii) casting a cloud over otherwise plain entitlement to full statutory damages that will impede settlement discussions; and (iii) threatening to expand fact and expert discovery into the relative fault of a number of parties and non-parties that is otherwise not an issue in this case.

### E.        Defendants Fail to Justify Their Loss Causation Defense

MassMutual has moved to strike Defendants' nineteenth defense challenging loss causation because a loss causation defense is plainly not available under Section 410.  *See* Motion at 9; *Marram*, 442 Mass. at 50-51, 809 N.E.2d at 1025.  Instead of attempting to justify their loss causation defense, which they cannot do, Defendants attempt to justify another, different defense asserted by other defendants in the related cases—that the poor performance of the underlying loans alleged in the Complaint is not evidence of underwriting failures, but

10

resulted from other factors.  *See* Opp. at 9-12.  The law is clear, under the Supreme Judicial

Court's decision in *Marram*, that Defendants' pleaded defense arguing that MassMutual's losses

were caused by other factors does not exist.  *See* Motion at 8; *Marram*, 442 Mass. at 50-51, 809

N.E.2d at 1025.

Defendants strain to reinterpret *Marram*, arguing that its holding that Section 410

"'render[s] tainted transactions voidable at the option of the defrauded purchaser,' *regardless of

the actual cause of the investor's loss*," *Marram*, 442 Mass. at 51, 809 N.E.2d at 1025 (emphasis

added), actually means something other than what it says.  *See* Opp. at 11 (arguing that *Marram*

did not foreclose loss causation as a defense—just as an element of the claim).  Any fair reading

of *Marram* does not support Defendants' interpretation.  When the Supreme Judicial Court held

that a purchaser is entitled to rescind, regardless of the cause of the purchaser's loss, it meant

what it said—that loss causation is irrelevant.

Because Defendants' loss causation defense is legally invalid and threatens to expand

discovery and trial with forays into a variety of macroeconomic, microeconomic, market, and

other factors that the Supreme Judicial Court in *Marram* confirmed are irrelevant, the defense

should be stricken.

### F.      "Failure to Mitigate" Is Not a Viable Defense to a Section 410 Claim

MassMutual has moved to strike Defendants' twentieth or twenty-first purported defense

for "failure to mitigate" because it improperly attempts to rewrite the express recovery

calculations set forth in Section 410 and to reduce (without any authority) the recoveries

permitted by statute.  *See* Motion at 9-10.  Defendants argue that because no Massachusetts

Securities Act case addresses failure to mitigate, that somehow creates the defense.  *See* Opp. at

7, 9.  But the statutory language itself makes clear that the defense is invalid.  The statute sets

forth the express recovery calculations—for rescission (for securities still held) and damages (for

securities previously sold).  Mass. Gen. Laws ch. 110A, § 410(a)(2).  A failure to mitigate

defense would improperly reduce these statutory calculations by seeking to subtract an additional

non-statutory component—the amount a plaintiff would have received had it complied with

some undefined duty to mitigate.  Further, the statute gives a plaintiff the express right to tender

at any time before entry of judgment, *id.* § 410(c); imposing a duty to mitigate, or sell, would be

contrary to this statutory right.

    As their sole authority for imposing a "duty to mitigate" that conflicts with the statute,

Defendants maintain the defense was allowed in one unpublished case that they represent was

brought under Section 12 of the Securities Act of 1933.  Opp. at 7-8.  Not only do Defendants

misrepresent this case, but the case is irrelevant to MassMutual's claims under Section 410 of the

Massachusetts Securities Act.  In *In re Olympia Brewing Co. Securities Litigation*, the case

Defendants cite, the court addressed a motion to strike affirmative defenses in a case involving a

number of claims, including claims under the Securities Act of 1933, the Securities Exchange

Act of 1934, and the common law.  *See* No. 77 C 1206, 1985 WL 3928, at *1, *10 (N.D. Ill.

Nov. 13, 1985).  The court did not uphold a failure to mitigate defense because it was relevant to

Section 12, as Defendants assert, but because it was potentially relevant to securities fraud claims

that measure damages based on diminution in value.  *See id.* at *8, *11.  As the court held, a

plaintiff asserting such claims is not entitled to recover for further diminution in value after it

learns of the fraud, making a failure to mitigate defense (and an equitable estoppel defense)

potentially relevant.  *See id.*  The court's analysis is not relevant to Section 410, which does not

measure recovery based on diminution of value and sets forth clear statutory recovery

calculations that cannot be modified by judicial amendment or party agreement.

Finally, Defendants contend that there is no prejudice to allowing the "failure to mitigate" defense because permitting this invalid defense to persist will not unnecessarily expand discovery beyond the discovery needed for statute of limitations.  Opp. at 8-9.  To the contrary, allowing a legally invalid defense regarding when MassMutual "should have sold" will expand discovery and would intrinsically prejudice MassMutual by confusing the issue of what recovery is allowed under the statute.  In addition, a "failure to mitigate" defense threatens to complicate the case by supplanting the simple recovery calculations set forth in the statute with additional speculative calculations that may require significant expert discovery.  Defendants' "failure to mitigate" defense, which essentially seeks to rewrite the damages calculations of Section 410, should be stricken.

### G.   Defendants Fail to Justify Their Assertion of Equitable Defenses to MassMutual's Statutory Claims

MassMutual has moved to strike Defendants' twenty-third or twenty-fourth defense asserting the doctrines of "laches, equitable estoppel, waiver or other related equitable doctrines" because Defendants' boilerplate equitable defenses are not valid defenses to a Section 410 claim.  *See* Motion at 10-11.  The Opposition does not dispute—and in fact acknowledges—that these inapplicable defenses, if left standing, may expand discovery and unnecessarily complicate the case.  Opp. at 17-18.  Yet Defendants argue that the defenses cannot be stricken because they are viable.  *See* Opp. at 15-18.  Defendants are wrong.

As an initial matter, the bare bones equitable defenses should be stricken because they fail to provide MassMutual with "fair notice of the defense," which Defendants concede is necessary.  *See* Opp. at 18.  Merely reciting the names of three equitable doctrines and a catch-all category of "other related equitable doctrines" does not give MassMutual fair notice of the defenses.  *See, e.g.*, *Dann v. Lincoln Nat'l Corp.*, 274 F.R.D. 139, 146 (E.D. Pa. 2011) (striking

defenses of "laches, waiver and/or estoppel" because they "failed to provide [plaintiff] with fair notice"); *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006) (granting motion to strike because "[m]erely stringing together a long list of legal defenses is insufficient to satisfy Rule 8(a)"); *see also Palmer v. Oakland Farms, Inc.*, No. 5:10cv00029, 2010 WL 2605179, at *6 (W.D. Va. June 24, 2010) (striking "estoppel and laches" defense because "the word *estoppel* without more [is] not a sufficient statement of a defense") (internal quotations omitted); *Operating Eng'rs Local 139 Health Benefit Fund v. Lake States Indus. Servs., Inc.*, No. 05-C-0020, 2005 WL 1563332, at *4 (E.D. Wis. June 30, 2005) (same).[3]  These courts have recognized that broad and undefined defenses that could be interpreted in any number of ways and used to seek all manner of irrelevant discovery should be stricken.

Second, and more importantly, even a more specific version of these defenses would fail because equitable defenses are not viable defenses to a statutory Section 410 claim.  In its moving papers, MassMutual cited authority making clear that waiver, estoppel, and other equitable defenses are not defenses to claims under state securities statutes, including Section 410.  *See* Motion at 11; *Marram*, 442 Mass. at 51, 809 N.E.2d at 1025-26.  Defendants miscast this authority, claiming its rejection of equitable defenses is limited to rejection of "agreements made prior to a sale of securities that purport to waive compliance," and does not apply to equitable defenses based on subsequent conduct.  *See* Opp. at 17.  Contrary to Defendants' view, the cases and treatises hold that waiver, estoppel, and laches are not viable defenses to claims under state securities statutes or Section 12(a)(2) of the 1933 Securities Act, even if based on conduct that occurred after the purchase of securities.  *See Jones v. Miles*, 656 F.2d 103, 106-07

---

[3]  Defendants offer no legal support for their conclusory assertion that *Operating Engineers* misstates the pleading standard for affirmative defenses and is contrary to the law of this jurisdiction.  *See* Opp. at 18 n.10.

& n.7 (5th Cir. 1981) (cited in *Marram*) (waiver by estoppel based on subsequent conduct of a securities purchaser was not a viable defense to Georgia securities claim); *Go2net, Inc. v. Freeyellow.com, Inc.*, 143 P.3d 590, 593 (Wash. 2006) ("[P]ermitting a seller to assert equitable defenses is contrary to the [Washington Securities Act's] primary purpose of protecting investors. . . . [A] seller should not be permitted to avoid statutory liability by shifting the focus to the postsale conduct of the uninformed investor."); *MBank Fort Worth, N.A. v. Trans Meridian, Inc.*, 820 F.2d 716, 725 (5th Cir. 1987) ("Waiver by subsequent conduct that does not take the form of a settlement, is against the policy of the securities laws."). *See generally* Roger J. Magnuson, *Shareholder Litigation* § 5:9: Section 12(2) – Defenses (May 2012) ("No cases have recognized the equitable defenses of waiver, estoppel, or laches.").

The cases Defendants cite do not support their assertion of equitable defenses. *See* Opp. at 15-17. Defendants' banner case—*In re Access Cardiosystems, Inc.*, 438 B.R. 16 (Bankr. D. Mass. 2010)—did not "appl[y] equitable defenses to MUSA claims," as Defendants represent. *See* Opp. at 15. Instead, the court merely noted in *dicta* a variety of factors that could make an award of rescission under Section 410 difficult in that case, ultimately holding that an award of damages—not rescission—was proper because the plaintiff no longer owned the securities. *Access Cardiosystems*, 438 B.R. at 22-23. Defendants' remaining cases are similarly off point. *See, e.g.*, *Frota v. Prudential-Bache Sec., Inc.*, No. 85 Civ. 9698, 1987 WL 4925, at *3 (S.D.N.Y. May 15, 1987) (Section 10(b) case merely reciting the defendants' argument that waiver and estoppel could be used as a defense to securities fraud claims); *SEC v. Ross*, 504 F.3d 1130, 1145 n.15 (9th Cir. 2007) (Section 12(a)(1) claim where laches defense was not before the court; court noted in *dicta* that an intervenor "might have" attempted a laches defense if a claim were filed); *Gannett Co., Inc. v. Register Publ'g Co.*, 428 F. Supp. 818, 827-30 (D. Conn. 1977)

(applying the rule under Section 10(b) "that rescission must be demanded promptly after discovery of the fraud" to a Connecticut statute, but not addressing well-settled Massachusetts law that a purchaser has the option of rescinding at any time before the entry of judgment).

Defendants' equitable defenses, no matter how framed, are not valid defenses to claims under Section 410. Defendants' effort to graft such defenses onto the statute and destroy its "consumer-oriented focus," *Marram*, 442 Mass. at 54, 809 N.E.2d at 1027, should not be permitted, and the defenses should be stricken.

## **CONCLUSION**

For the reasons set forth above and in its moving papers, MassMutual respectfully requests that the Court grant its motion to strike the following purported defenses in the identified parties' Amended Answers: Sixth Defense (all Defendants); Eighth Defense (all Defendants, to the extent it asserts MassMutual "should have known" of the misstatements or omissions); Twelfth Defense (all Defendants, to the extent it asserts MassMutual did not "reasonably or justifiably rely" on the misstatements or omissions); Fourteenth Defense (all Defendants, to the extent it asserts MassMutual "assumed the risks" or had "constructive knowledge"); Seventeenth Defense (all Defendants); Nineteenth Defense (all Defendants); Twentieth Defense (all Defendants other than Verschleiser, Nierenberg, and Marano); Twenty-First Defense (Verschleiser, Nierenberg, and Marano); Twenty-Third Defense (all Defendants

other than Verschleiser, Nierenberg, and Marano); and Twenty-Fourth Defense (Verschleiser,

Nierenberg, and Marano).

DATED:  June 20, 2012                    EGAN, FLANAGAN AND COHEN, P.C.

                            By:     /s/ Edward J. McDonough Jr.
                                    Edward J. McDonough Jr. (BBO 331590)
                                    Stephen E. Spelman (BBO 632089)
                                    Egan, Flanagan and Cohen, P.C.
                                    67 Market Street, P.O. Box 9035
                                    Springfield, Massachusetts  01102
                                    Telephone:  (413) 737-0260
                                    Fax:  (413) 737-0121
                                    ejm@efclaw.com;
                                    ses@efclaw.com

                            MASSACHUSETTS MUTUAL LIFE
                            INSURANCE COMPANY

                                    Mark Roellig (BBO 669117)
                                    Executive Vice President and General Counsel
                                    Bernadette Harrigan (BBO 635103)
                                    Assistant Vice President & Counsel
                                    Eleanor P. Williams (BBO 667201)
                                    Assistant Vice President & Counsel
                                    Massachusetts Mutual Life Insurance Company
                                    1295 State Street
                                    Springfield, Massachusetts  01111
                                    Telephone:  (413) 788-8411
                                    Fax:  (413) 226-4268
                                    bharrigan@massmutual.com;
                                    ewilliams@massmutual.com

Of counsel:

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Philippe Z. Selendy (admitted *pro hac*)
Jennifer J. Barrett (admitted *pro hac*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Fax (212) 849-7100

A. William Urquhart (admitted *pro hac*)
Harry A. Olivar, Jr. (admitted *pro hac*)
Molly Stephens (admitted *pro hac*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax (213) 443-3100

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 20th day of June, 2012.


*/s/ Edward J. McDonough Jr.*

_____
Edward J. McDonough Jr.