UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE MASSACHUSETTS MUTUAL | | |
| LIFE INSURANCE COMPANY | ) | Civil Action Nos.: |
| LITIGATION | ) | 11-cv-30039-MAP |
| | ) | 11-cv-30044-MAP |
| | ) | 11-cv-30047-MAP |
| | ) | 11-cv-30048-MAP |
| | ) | 11-cv-30094-MAP |
| | ) | 11-cv-30126-MAP |
| | ) | 11-cv-30127-MAP |
| | ) | 11-cv-30141-MAP |

PROCEDURAL ORDER
RE:  FINAL PRETRIAL CONFERENCE/TRIAL

PONSOR, U.S.D.J.

        The above entitled action is scheduled for final pretrial conference on October 2, 2015 at 2:00p.m, in Hampden Courtroom, U.S. District Court, 300 State Street, Springfield, Massachusetts.  Each party shall be represented at the conference by trial counsel.

        Trial in the first case shall commence on November 9, 2015, at 9:00 a.m.  The parties are hereby notified, however, that due to the court's congested trial docket the case may actually be called to trial on any day during the four weeks following.  The parties should stay in touch with the courtroom deputy, Theresa Pelegano, to confirm the actual date for trial.

        Pursuant to the provisions of Local Rule 16.5, the parties shall meet prior to the conference to accomplish the following:

        (1)      to discuss and negotiate settlement of the action;
        (2)      to draft and sign a stipulation as all uncontested facts;
        (3)      to narrow the issues to be tried;
        (4)      to show to all parties any and all exhibits to be offered at trial;
        (5)      to notify all parties of the names and addresses of all witnesses to be called
                  at trial, including names and qualifications of expert witnesses.

        The parties shall jointly prepare and file, by November 2, 2015, (7 days prior to pretrial conference) a pretrial memorandum which sets forth the following:

(1)     a concise statement of the evidence that will be offered all parties with respect to both liability and damages (including special damages, if any);

(2)     a statement of facts established by the pleadings, by admissions or by stipulations.  Counsel shall stipulate to all facts not in genuine dispute;

(3)     contested issues of fact;

(4)     any jurisdictional questions;

(5)     any question raised by pending motions;

(6)     issues of law, including evidentiary questions, together with supporting authority;

(7)     any requested amendments to pleading;

(8)     any additional matters to aid in disposition of the case;

(9)     the probable length of trial and whether jury or non-jury;

(10)    a list of the names and addresses of witnesses who will testify at trial and the purpose of the testimony;

(11)    a list of the proposed exhibits to be offered at trial.  Counsel shall distinguish those exhibits to be introduced without objection from those to be introduced with objection;

Immediately upon receipt of this Order, any party who realizes that one or more attorneys have not been notified shall forthwith notify the additional attorney(s) in writing as to the entry of this Order and file a copy of the writing with the Clerk.

Compliance with this Order is not excused absent the filing of closing papers or the entry of Settlement Order of Dismissal in a form prescribed by the Court.

PLEASE NOTE: The Court requires twenty-four (24) hour notice of settlement.  Any settlement on the eve of trial may result in the imposition of costs, including the costs associated with unnecessarily bringing in jurors.

BY THE COURT:

December 4, 2012                         /s/ Theresa Pelegano
Date                                     Theresa Pelegano, Deputy Clerk