# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

                                        Plaintiff,

                        v.                                  No. 3:11-cv-30035 (MAP)

RESIDENTIAL FUNDING COMPANY, LLC
(F/K/A RESIDENTIAL FUNDING
CORPORATION), et al.,

                                Defendants.

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

                                        Plaintiff,

                        v.                                  No. 3:11-cv-30039 (MAP)

DB STRUCTURED PRODUCTS, INC., et al.,

                                Defendants.

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

                                        Plaintiff,

                        v.                                  No. 3:11-cv-30044 (MAP)

RBS FINANCIAL PRODUCTS INC. (F/K/A
GREENWICH CAPITAL FINANCIAL
PRODUCTS, INC.), et al.,

                                Defendants.

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

                                    Plaintiff,

                    v.                                  No. 3:11-cv-30047 (MAP)

DLJ MORTGAGE CAPITAL, INC., et al.,

                                    Defendants.

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

                                    Plaintiff,

                    v.                                  No. 3:11-cv-30048 (MAP)

CREDIT SUISSE FIRST BOSTON
MORTGAGE SECURITIES CORP., et al.,

                                    Defendants.

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

                                    Plaintiff,

                    v.                                  No. 3:11-cv-30094 (MAP)

JPMORGAN CHASE BANK, N.A., et al.,

                                    Defendants.

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

Plaintiff,

v.

GOLDMAN SACHS MORTGAGE
COMPANY, et al.,

Defendants.

No. 3:11-cv-30126 (MAP)

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

Plaintiff,

v.

IMPAC FUNDING CORPORATION, et al.,

Defendants.

No. 3:11-cv-30127 (MAP)

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

Plaintiff,

v.

HSBC BANK USA, NATIONAL
ASSOCIATION, et al.,

Defendants.

No. 3:11-cv-30141 (MAP)

## DEFENDANTS' SUBMISSION IN SUPPORT OF PROPOSED PARAGRAPH 16(e) OF THE [PROPOSED] PROTECTIVE ORDER GOVERNING THE USE OF PRIVILEGED MATERIAL AT DEPOSITIONS

Pursuant to the Court's December 4, 2012 Scheduling Order, the parties in the above-captioned actions (the "Actions") have submitted to the Court their agreed-upon Stipulation and [Proposed] Order for the Production and Exchange of Confidential

Information (the "Proposed Protective Order").  As noted in the parties' joint submission, the parties have agreed upon all provisions of the Proposed Protective Order, except for one:  Defendants' proposed Paragraph 16(e), which would govern the use of privileged material at depositions.  (*See* Exhibit B to Proposed Protective Order.)[1]  While Defendants believe that this provision was already included as part of the protective order entered by Judge Ponsor in the 3:11-cv-30285 action (*see* 30285 Dkt. No. 95; *see also* 30285 Dkt. No. 94 ("The stipulated and proposed order, attached as Dkt 63-1, has been approved and may be docketed separately along with exhibits A & B.  So Ordered."), Defendants reiterate their positions below as to why Exhibit B should be part of the Proposed Protective Order in these Actions as the Court invited the parties to do during the December 4, 2012 Scheduling Conference (*see* 12/4/12 Hr'g Tr. at 19:1-20:25) to the extent Judge Ponsor had not yet ruled on MassMutual's Request for Clarification Regarding a Term of the Order for the Production and Exchange of Confidential Information in the 3:11-cv-30285 action (*see* 30285 Dkt. No. 104).

As set forth in Defendants' submission in the 3:11-cv-30285 action (*see* 30285 Dkt. No. 65), because Paragraph 16(e) is necessary to protect privileged information, is compelled by the Federal Rules of Civil Procedure, is consistent with the already agreed-upon provisions of the Proposed Protective Order, and has been agreed to by the same lead counsel representing Plaintiff in these Actions and entered as an order by another federal court in another group of coordinated actions relating to residential mortgage-back securities, *see Federal Housing Finance Agency v. UBS Americas Inc., et al.*, No. 1:11-cv-5201-DLC (S.D.N.Y.), May 30, 2012 Protective Order, at Paragraph

---

[1] The full text of Paragraph 16(e) was submitted as Exhibit B to the Proposed Protective Order, and for the Court's convenience is attached hereto as Attachment 1.

12.3, Defendants respectfully request that the Court include Paragraph 16(e) as part of the Proposed Protective Order.

I.    The Court Should Enter the Proposed Protective Order With the Inclusion of Proposed Paragraph 16(e).

The issue before this Court is whether a party can be forced to permit an opposing party to question a deponent about a document that contains the party's privileged information. The answer to that question is plainly no. *See* Fed. R. Civ. P. 30(c)(2) (authorizing a party to instruct a deponent not to answer "when necessary to preserve a privilege").[2] Consistent with the Federal Rules, Defendants' proposed Paragraph 16(e) seeks to preserve a party's right to instruct a witness not to answer questions about that party's privileged information.

The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).[3] As courts in this Circuit have observed, "the attorney-client

_____

[2] The 1993 Advisory Committee Notes make clear that this Rule is intended to permit "[d]irections to a deponent not to answer a question" where a party "claim[s] a privilege or protection against disclosure (*e.g.* as work product)." Fed. R. Civ. P. 30 advisory committee's note. Likewise, Federal Rule 30(d)(3) empowers a party to limit a deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3). Although Rule 30(d)(3) does not expressly mention privilege as a ground for limiting a deposition, "[t]he requirement for an order [under Rule 30(d)] has been held satisfied on a showing of insistent questioning of the deponent about privileged matters." 8A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, *Federal Practice & Procedure: Federal Rules of Civil Procedure* § 2116 (3d ed. 2005); *see also Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455, 460-61 n.4 (N.D. Cal. 1978) (noting that Rule 30(d)(3) is reasonably read to permit a party to halt a deposition where a dispute exists over the questioning of a privileged document).

[3] The *Upjohn* court further noted: "If the purpose of the attorney-client privilege is to be served, the attorney and client must be able to predict with some degree of certainty whether particular discussions will be protected. An uncertain privilege, or one which

privilege is the most fundamental of all legal relationships and any interference with or disruption of that relationship should be exercised only under extraordinary circumstances. The privilege is the root of a just and orderly judicial process and courts must be vigilant in sustaining it and shielding it from encroachment." *United States v. Hurley*, 728 F. Supp. 66, 67 (D. Mass. 1990); *accord United States v. Reeder*, 170 F.3d 93, 106 (1st Cir. 1999) ("The importance and sanctity of the attorney-client privilege is well established."); *Bowling v. Hasbro, Inc.*, 582 F. Supp. 2d 192, 211 (D.R.I. 2008) (recognizing courts' "obligation to safeguard the virtually sacrosanct privacy of the attorney-client privilege"). Because of the sanctity of the privilege, courts recognize that it is not possible to "put the genie back into the bottle" once privileged information is disclosed. *Heron Interact, Inc. v. Guidelines, Inc.*, 244 F.R.D. 75, 78 (D. Mass. 2007); *see also Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 9 (1st Cir. 1998) (holding that a party's "desire to ensure that materials subject to the attorney-client privilege are shielded from the public eye" is essential to protect because permitting disclosure of such information "would 'let the cat out of the bag, without any effective way of recapturing it . . . .'" (quoting *Irons v. Fed. Bureau of Investigation*, 811 F.2d 681, 683 (1st Cir. 1987))). Thus, courts require that a party take all "reasonable and available steps to prevent disclosure" of its privileged information. *See, e.g., Perrignon*, 77 F.R.D. at 460.

Given the importance of the privilege, the Proposed Protective Order contains several agreed-upon provisions designed to safeguard the parties' privileged information, even if inadvertently produced. Paragraph 16 provides a robust "clawback" provision under which any party may request the return of an inadvertently disclosed

---

purports to be certain but results in widely varying applications by the courts, is little better than no privilege at all." 449 U.S. at 393.

document over which the party claims privilege, work product protection or other protection from disclosure. Upon such notice, the receiving party "shall make no further use of the allegedly privileged information" and is required to "return all allegedly privileged information in its possession, custody, or control or shall provide written confirmation that such information has been deleted." (Exhibit A to Proposed Protective Order, ¶ 16(a).) In tandem with these obligations, Paragraph 16(b) places on a party who receives information from another party that appears on its face to be privileged an affirmative duty to "immediately notify the disclosing party in writing;" if the disclosing party requests return of the information, "the receiving party shall immediately return the information to the disclosing party and destroy any other copies." (*Id.* ¶ 16(b).) A producing party that requests return of its privileged information is required to provide a privilege log within twenty days after requesting return of such information. (*Id.* ¶¶ 16(a), (b).) The Proposed Protective Order affirms that inadvertent disclosure of information that the disclosing party believes is privileged or otherwise protected from discovery shall not constitute a waiver. (*Id.* ¶ 16.) Parties may challenge any claim of privilege through a dispute process during which "[a]llegedly privileged documents shall remain protected against disclosure." (*Id.* ¶ 16(c).)

Defendants' proposed Paragraph 16(e) is a natural, and necessary, component of these protections. It provides simply that if a party learns for the first time at a deposition that its privileged information was inadvertently produced, that party may immediately request return of the document—just as it may for inadvertently produced information identified at any other time during the litigation—and instruct the deponent not to answer any questions regarding the privileged information, as authorized by Rule

30(c)(2). Paragraph 16(e) also provides in the alternative that the party asserting privilege may, at its sole election, permit examination on the privileged information without waiver of privilege. In either case, following the deposition, the examining party may challenge the assertion of privilege. Where questioning has been disallowed and the privilege is ultimately defeated, the party that asserted the privilege must either make the deponent available for additional questioning within thirty days or, if the deponent was a non-party or represented by another party, make best efforts to ensure that the witness is made available for additional questioning at the earliest practicable time.

A provision nearly identical to Paragraph 16(e) was very recently agreed to by the same lead counsel representing Plaintiff in these Actions and entered as an order by another federal court in another group of coordinated actions relating to residential mortgage-back securities. *See Federal Housing Finance Agency v. UBS Americas Inc., et al.*, No. 1:11-cv-5201-DLC (S.D.N.Y.), May 30, 2012 Stipulated Protective Order, ¶ 12.3 ("If, during a deposition, a Party claims that a document being used in the deposition . . . is subject to attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, it may at its sole election . . . instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's privileged or work-product protected status.").

Paragraph 16(e) is essential to protect a party's privileged information, safeguards a party's right to instruct a witness not to answer questions regarding privileged information under Rule 30(c)(2), and encourages the parties to use the notice provisions under Paragraphs 16(a) and (b) such that any disputes regarding privilege

assertions may be resolved in advance of depositions.  As discussed below, Plaintiff's reasons for opposing Paragraph 16(e) are without merit.

II.     <u>Plaintiff's Position Regarding Paragraph 16(e) Is Without Merit.</u>

In refusing to agree to Paragraph 16(e), Plaintiff previously has made two arguments:  (i) that the Proposed Protective Order should not have a general procedure allowing the claw back of privileged documents at a deposition because such a circumstance should rarely, if ever, occur; and (ii) allowing a party to claw back a document, and instruct a witness not to answer questions regarding the privileged information in that document, is unworkable with respect to non-parties because of the difficulty of getting a non-party back for subsequent questioning if the privilege claim is defeated.  Neither of these arguments justifies permitting a party to override another party's claim of privilege.

*First*, there is no basis to treat a party's right to claw back inadvertently produced privileged information differently just because the producing party first learns of the inadvertent production at a deposition—as opposed to at any other time during the litigation.  The Proposed Protective Order already empowers a party to request immediate return of its privileged information, and obligates receiving parties to comply with such a request (subject to their ability to challenge the privilege assertion at a subsequent time).  Thus, Plaintiff's position is directly contrary to agreed-upon Paragraphs 16(a) and 16(c), both of which provide that a party shall make *no* use of a document over which a claim of privilege has been made.

Indeed, the right to claw back an inadvertently produced privileged document is even more important in a deposition because of the additional invasion of

privilege that would result from questioning about a party's privileged information. Further, applying different claw back rights for inadvertently produced documents identified *before* a deposition versus *during* a deposition would create an adverse incentive for parties to wait until a deposition to make visible use of arguably privileged documents produced by opposing parties. While Paragraph 16(b) obligates a receiving party to give notice to a disclosing party of documents that "appear[] on [their] face to be privileged" (Exhibit A to Proposed Protective Order, ¶ 16(b)), there will no doubt be situations in which the receiving party and producing party disagree as to the privileged status of such a document. By providing the same claw back rights in any context, as opposed to giving the receiving party greater rights when a claw back request is made at a deposition, Defendants' proposed Paragraph 16(e) encourages the parties to raise and resolve any privilege issues prior to a deposition.

There is no merit to Plaintiff's argument that the circumstance where a party is forced to allow testimony on its privileged material will rarely, if ever, occur. Even a single occasion where a party is stripped of its right to protect its privileged information—and forced to allow testimony on its privileged information for all other parties to hear—may be highly prejudicial to the disclosing party. Paragraph 16(e) provides important protections against such a situation arising.[4]

*Second*, Plaintiff's argument that Paragraph 16(e) could result in the inconvenience of a second deposition if the privilege claim is defeated is, again, outweighed by the importance of safeguarding a party's right to protect its privileged information. Where a claim of privilege is defeated, Paragraph 16(e) requires the party

---

[4] Further, if Plaintiff is correct that any such circumstance would be rare, Plaintiff has little reason to object to the inclusion of Paragraph 16(e).

that asserted the privilege to bring its witness back within thirty days (assuming it
represents the witness) or to use its best efforts to ensure that the questioning party is
given an opportunity to question the witness about the document at the earliest
practicable time for the witness and its counsel.  Given Plaintiff's assertion that such
circumstances are likely to be rare (or non-existent), such protection is more than
sufficient to avoid any purported inconvenience to Plaintiff.  Indeed, this is precisely the
procedure that Plaintiff's counsel agreed to in the *Federal Housing Finance Agency*
protective order mentioned above.

\*      \*      \*

For the foregoing reasons, Defendants respectfully request that the Court
enter the Proposed Protective Order with Defendants' proposed Paragraph 16(e).


Dated:  December 14, 2012


By   */s/ Jeffrey L. McCormick*
Jeffrey L. McCormick (BBO #329740)
ROBINSON DONOVAN, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Telephone:  (413) 732-2301
Fax:  (413) 785-4658
jmccormick@robinsondonovan.com

*Counsel for Defendants J.P. Morgan Securities LLC,*
*WaMu Capital Corporation, Joseph T. Jurkowski,*
*Jr., David M. Duzyk, Louis Schioppo, Jr., William A.*
*King, Thomas F. Marano, Michael B. Nierenberg,*
*Jeffrey L. Verschleiser, David Beck, Diane Novak,*
*and Samuel L. Molinaro, Jr.*

Of Counsel:

Robert H. Baron (admitted *pro hac vice*)
Karin A. DeMasi (admitted *pro hac vice*)
J. Wesley Earnhardt (admitted *pro hac vice*)
 CRAVATH, SWAINE & MOORE LLP
 825 Eighth Avenue
 New York, NY 10019
 Telephone:  (212) 474-1000
 Fax:  (212) 474-3700
 rbaron@cravath.com
 kdemasi@cravath.com
 wearnhardt@cravath.com

*Counsel for Defendants J.P. Morgan Securities LLC,
WaMu Capital Corporation, Joseph T. Jurkowski,
Jr., David M. Duzyk, Louis Schioppo, Jr., and
William A. King*

Of Counsel:

Joel C. Haims (admitted *pro hac vice*)
LaShann M. DeArcy (admitted *pro hac vice*)
 MORRISON & FOERSTER LLP
 1290 Avenue of the Americas
 New York, New York 10104
 Telephone:  (212) 468-8000
 Fax:  (212) 468-7900
 jhaims@mofo.com
 ldearcy@mofo.com

*Counsel for Defendants Thomas F. Marano and
Michael B. Nierenberg*

Of Counsel:

Dani R. James (admitted *pro hac vice*)
Jade A. Burns (admitted *pro hac vice*)
  KRAMER LEVIN NAFTALIS & FRANKEL LLP
  1177 Avenue of the Americas
  New York, NY 10036
  Telephone:  (212) 715-9100
  Fax:  (212) 715-8000
  djames@kramerlevin.com
  jburns@kramerlevin.com

*Counsel for Defendant Jeffrey L. Verschleiser*

Of Counsel:

Theresa Trzaskoma (admitted *pro hac vice*)
David Elbaum (admitted *pro hac vice*)
  BRUNE & RICHARD LLP
  One Battery Park Plaza
  New York, NY  10004
  Telephone  (212) 668-1900
  Fax:  (212) 668-0315
  ttrzaskoma@bruneandrichard.com
  delbaum@bruneandrichard.com

*Counsel for Defendants David Beck and Diane
Novak*

Of Counsel:

Pamela Rogers Chepiga (admitted *pro hac vice*)
Josephine A. Cheatham (admitted *pro hac vice*)
  ALLEN & OVERY LLP
  1121 Avenue of the Americas
  New York, New York 10020
  Telephone:  (212) 765-1125
  pamela.chepiga@allenovery.com

*Counsel for Defendant Samuel L. Molinaro, Jr.*

By   /s/ Philip A. O'Connell, Jr.

Philip A. O'Connell, Jr. (BBO #649343)
SNR DENTON US LLP
101 Federal Street, Suite 2750
Boston, Massachusetts 02110
Telephone:  (617) 235-6802
Fax:  (617) 235-6899
philip.oconnelljr@snrdenton.com

Of Counsel:

Sandra D. Hauser (admitted *pro hac vice*)
Patrick E. Fitzmaurice (admitted *pro hac vice*)
SNR DENTON US LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 768-6700
Fax:  (212) 768-6800
sandra.hauser@snrdenton.com
patrick.fitzmaurice@snrdenton.com

*Counsel for Defendant Matthew E. Perkins*

By   */s/ Michael Pastore*

Michael Pastore (BBO #669692)
GREENBERG TRAURIG, LLP
One International Place
Boston, MA  02110
Telephone:  (617) 310-6000
Fax:  (617) 310-6001
pastorem@gtlaw.com

Of Counsel:

Richard A. Edlin (admitted *pro hac vice*)
Ronald D. Lefton (admitted *pro hac vice*)
Candace Camarata (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, NY  10166
Telephone: (212) 801-9200
Fax: (212)801-6400
edlinr@gtlaw.com
leftonr@gtlaw.com
camaratac@gtlaw.com

*Counsel for Defendant Jeffrey Mayer*

By   /s/ Kathy B. Weinman
    Kathy B. Weinman (BBO #541993)
    Azure Abuirmeileh (BBO #670325)
    COLLORA LLP
    100 High Street, 20th Floor
    Boston, Massachusetts 02110
    Telephone:  (617) 371-1000
    Fax:  (617) 371-1037
    kweinman@collorallp.com
    aabuirmeileh@collorallp.com

Of Counsel:

Thomas C. Rice (admitted *pro hac vice*)
David J. Woll (admitted *pro hac vice*)
Alan Turner (admitted *pro hac vice*)
    SIMPSON THACHER & BARTLETT LLP
    425 Lexington Avenue
    New York, New York 10017
    Telephone:  (212) 455-2000
    Fax:  (212) 455-2502
    trice@stblaw.com
    dwoll@stblaw.com
    aturner@stblaw.com

*Counsel for Defendants Deutsche Bank Securities Inc., Anilesh Ahuja, Michael Commaroto, Richard D'Albert and Richard Ferguson*

*Counsel for Defendants RBS Securities Inc., Joseph N. Walsh III, Robert J. McGinnis, Carol P. Mathis and James M. Esposito*

*Counsel for Defendants UBS Securities LLC and Per Dyrvik*

By   */s/ Jonathan Sablone*
   Jonathan Sablone (BBO #632998)
   Matthew T. McLaughlin (BBO #660878)
   NIXON PEABODY LLP
   100 Summer Street
   Boston, Massachusetts 02110
   Telephone:  (617) 345-1342
   Fax:  (866) 947-1729
   jsablone@nixonpeabody.com
   mmclaughlin@nixonpeabody.com

Of Counsel:

Richard W. Clary (admitted *pro hac vice*)
Julie A. North (admitted *pro hac vice*)
Michael T. Reynolds (admitted *pro hac vice*)
   CRAVATH, SWAINE & MOORE LLP
   825 Eighth Avenue
   New York, New York 10019
   Telephone:  (212) 474-1000
   Fax:  (212) 474-3700
   rclary@cravath.com
   jnorth@cravath.com
   mreynolds@cravath.com

*Counsel for Defendants Credit Suisse Securities (USA) LLC and Jeffrey A. Altabef*

By   */s/ Mark A. Berthiaume*
    Mark A. Berthiaume (BBO #041715)
    GREENBERG TRAURIG, LLP
    One International Place
    Boston, Massachusetts 02110
    Telephone:  (617) 310-6007
    Fax:  (617) 310-6001
    berthiaumem@gtlaw.com

Of Counsel:

Richard H. Klapper (admitted *pro hac vice*)
David M.J. Rein (admitted *pro hac vice*)
    SULLIVAN & CROMWELL LLP
    125 Broad Street
    New York, NY 10004-2498
    Telephone:  (212) 558-4000
    Fax:  (212) 558-3588
    klapperr@sullcrom.com
    reind@sullcrom.com

*Counsel for Defendant Goldman, Sachs & Co.*

By    /s/ Gary R. Greenberg
    Gary R. Greenberg (BBO #209420)
    GREENBERG TRAURIG, LLP
    One International Place
    Boston, MA 02110
    Telephone: (617) 310-6000
    Fax: (617) 310-6001
    greenbergg@gtlaw.com

    Of Counsel:

    Joseph J. Frank (admitted *pro hac vice*)
    Steven J. Fink (admitted *pro hac vice*)
    Matthew L. Craner (admitted *pro hac vice*)
    Charles J. Ha (admitted *pro hac vice*)
    ORRICK HERRINGTON & SUTCLIFFE LLP
    51 W. 52nd Street
    New York, NY 10019
    Telephone: (212) 506-5000
    Fax: (212) 506-5151
    jfrank@orrick.com
    sfink@orrick.com
    mcraner@orrick.com
    charlesha@orrick.com

    *Counsel for Defendant Barclays Capital Inc.*

By    /s/ Joseph F. Ryan
    Joseph F. Ryan (BBO #435720)
    LYNE, WOODWORTH & EVARTS LLP
    12 Post Office Square
    Boston, Massachusetts 02109
    Telephone: (617) 523-6655
    Fax: (617) 248-9877
    JRyan@lwelaw.com

    Of Counsel:

    John M. Conlon (admitted *pro hac vice*)
    MAYER BROWN LLP
    1675 Broadway
    New York, New York 10019-5820
    Telephone: (212) 506-2500
    Fax: (212) 262-1910
    jconlon@mayerbrown.com

Damien J. Marshall (admitted *pro hac vice*)
Andrew Z. Michaelson (admitted *pro hac vice*)
  BOIES, SCHILLER & FLEXNER LLP
  575 Lexington Avenue, 7th Floor
  New York, New York 10022
  Tel: (212) 446-2300
  Fax: (212) 446-2350
  dmarshall@bsfllp.com
  amichaelson@bsfllp.com

Jonathan M. Shaw (admitted *pro hac vice*)
  BOIES, SCHILLER & FLEXNER LLP
  5301 Wisconsin Avenue, N.W.
  Washington, DC 20015
  Tel: (212) 237-2727
  Fax: (212) 237-6131
  jshaw@bsfllp.com

Edward J. Normand (admitted *pro hac vice*)
  BOIES, SCHILLER & FLEXNER LLP
  333 Main Street
  Armonk, NY 10504
  Tel: (914) 749-8200
  Fax: (914) 749-8300
  enormand@bsfllp.com

*Counsel for Defendants HSBC Securities (USA) Inc.,*
*Neal Leonard, Gerard Mattia, Todd White and Jon*
*Voigtman*

By   */s/ Brandon F. White*

    Brandon F. White (BBO #525020)
    K. Neil Austin (BBO #657204)
    Richard G. Baldwin (BBO #670984)
    FOLEY HOAG LLP
    Seaport West
    155 Seaport Boulevard
    Boston, Massachusetts 02210-2600
    Telephone:  (617) 832-1000
    Fax:  (617) 832-7000
    bfwhite@foleyhoag.com
    naustin@foleyhoag.com
    rbaldwin@foleyhoag.com

    *Counsel for Defendants Residential Funding*
    *Securities LLC and Bruce J. Paradis*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) this 14th day of December, 2012.

/s/ Jeffrey L. McCormick
Jeffrey L. McCormick, Esq.